UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SHADEESHA BROWN and GABRIEL PEREZ,

                Plaintiffs,

- against -

THE CITY OF NEW YORK, BRIAN McALEAR,
KEITH HOCKADAY, and "JOHN DOE" # 1-8,

                Defendants
---------------------------------------------------------------x

11CV1068(PKC)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, allege:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiffs Shadeesha Brown and Gabriel Perez by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth, Ninth and Fourteenth Amendments, and by the laws of the State of New York.

      2. Shadeesha Brown and Gabriel Perez are citizens of the United States who were in apartment 5B at 1368 Webster Avenue, Bronx, New York, on August 6, 2010, when defendants Brian McAlear, Keith Hockaday, and other New York City police officers forcibly entered the apartment, forced plaintiff Gabriel Perez to the floor and handcuffed him, forced plaintiff Shadeesha Brown, at gunpoint, to stand in the bedroom naked, prohibited plaintiff Shadeesha Brown from putting on clothing or covering her breasts and genital area, forced plaintiff Shadeesha Brown to remain standing in the bedroom naked while numerous police officers passed in and out of the room to gape at her for approximately 40 minutes, handcuffed plaintiff Shadeesha Brown, detained

plaintiff Shadeesha Brown and plaintiff Gabriel Perez in the apartment for approximately an hour, then transported the plaintiffs to the PSA7 precinct, where the plaintiffs were imprisoned for approximately four hours and then released without being charged with a crime. The warrantless entry into the apartment and the warrantless arrests of plaintiffs Shadeesha Brown and Gabriel Perez were the result of policies and practices adopted by defendant The City of New York forcibly to enter residences without search warrants and to arrest individuals without probable cause to support the arrests.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Brian McAlear and Keith Hockaday can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Shadeesha Brown is a citizen of the United States who resides in the County of New York, City and State of New York.

6. Plaintiff Gabriel Perez is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Brian McAlear is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Brian McAlear was acting within the scope of his employment by defendant The City of New York.

11. Defendant Keith Hockaday is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Keith Hockaday was acting within the scope of his employment by defendant The City of New York.

13. Defendants "John Doe" #1-8 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

14. At all times relevant herein, defendants "John Doe" #1-8 were acting within the scope of their employment by defendant The City of New York.

**NOTICES OF CLAIM**

15. On August 18, 2010, plaintiff Shadeesha Brown served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

16. On August 18, 2010, plaintiff Gabriel Perez served on the Comptroller of the City

of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

17. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

18. Plaintiffs incorporate by reference paragraphs 1 through 17 of this complaint as though the same were set forth fully herein.

19. On August 5 and August 6, 2010, Karen Rodriguez was the lawful tenant of apartment 5B at 1368 Webster Avenue, Bronx, New York.

20. On the night of August 5 - August 6, 2010, plaintiffs Shadeesha Brown and Gabriel Perez were overnight guests of Karen Rodriguez in apartment 5B at 1368 Webster Avenue, Bronx, New York.

21. On August 6, 2010, defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 forcibly entered apartment 5B at 1368 Webster Avenue, Bronx, New York.

22. The entry of defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 into apartment 5B at 1368 Webster Avenue, Bronx, New York, was without the permission of Karen Rodriguez, plaintiff Shadeesha Brown, or plaintiff Gabriel Perez.

23. On information and belief, the entry of defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 into apartment 5B at 1368 Webster Avenue, Bronx, New York, was made without a warrant or other legal process authorizing such entry.

24. At the time of the entry of defendants Brian McAlear, Keith Hockaday and "John Doe" #1-8 into apartment 5B at 1368 Webster Avenue, Bronx, New York, plaintiffs Shadeesha

Brown and Gabriel Perez were asleep in the nude in one of the bedrooms of the apartment.

25. Upon hearing the noise made by the individual defendants' forcible entry into the apartment, plaintiff Gabriel Perez put on a pair of shorts.

26. Immediately upon entry into the above described apartment, the defendants forcibly entered the bedroom in which plaintiffs Shadeesha Brown and Gabriel Perez had been sleeping.

27. One of the individual defendants forced plaintiff Gabriel Perez to the floor with a knee in this plaintiff's back and handcuffed his hands behind his back.

28. One of the individual defendants pulled the sheet under which plaintiff Shadeesha Brown had been sleeping off her.

29. One of the individual defendants then directed plaintiff Shadeesha Brown, at gunpoint, to stand up.

30. When plaintiff Shadeesha Brown attempted to cover her breasts and genitals with her hands after she stood up, one of the individual defendants, at gunpoint, directed her to put her hands down.

31. One of the individual defendants prohibited plaintiff Shadeesha Brown from putting on any clothing.

32. One of the individual defendants forced plaintiff Shadeesha Brown, at gunpoint, to remain standing naked in the bedroom for approximately 40 minutes.

33. Plaintiff Shadeesha Brown requested to put on her clothes on several occasions during this ordeal, but was refused permission to do so.

34. Plaintiff Shadeesha Brown attempted to cover her breasts and genitals with her hands on several occasions during this ordeal, but on each occasion was instructed by one of the individual defendants, at gunpoint, to keep her hands by her side.