35. After approximately 25 minutes, a male police officer handcuffed plaintiff Shadeesha Brown's wrists behind her back, but left her naked.

36. During the period of time plaintiff Shadeesha Brown was forced to stand naked, numerous police officers who were in apartment 5B continuously entered the bedroom in which she was standing to stare at her.

37. After approximately 40 minutes of being required to stand naked at gunpoint, a female police officer whose name is not known to the plaintiffs arrived and plaintiff Shadeesha Brown was permitted to put on her clothes.

38. After being detained in apartment 5B for approximately an hour, plaintiffs Shadeesha Brown and Gabriel Perez were transported to the PSA7 Precinct at 737 Melrose Avenue, Bronx, New York, where they were imprisoned for approximately four hours.

39. The plaintiffs were released from the PSA7 Precinct without being charged with any offense.

## COUNT I

40. Plaintiffs incorporate by reference paragraphs 1 through 39 of this Complaint as though the same were set forth fully herein.

41. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 were acting under color of state law when they forcibly entered the apartment in which plaintiff Shadeesha Brown was sleeping without a search warrant.

42. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 deprived plaintiff Shadeesha Brown of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the

Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching the apartment in which plaintiff Shadeesha Brown was sleeping.

## COUNT II

43. Plaintiffs incorporate by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The seizure, arrest, detention and imprisonment of plaintiff Shadeesha Brown was made without any warrant or other legal process directing or authorizing her seizure, arrest, detention, or imprisonment.

45. The seizure, arrest, detention and imprisonment of plaintiff Shadeesha Brown were made without probable cause to believe that she had committed a crime or offense.

46. Plaintiff Shadeesha Brown was aware of her seizure, arrest, detention and imprisonment by the defendants.

47. Plaintiff Shadeesha Brown did not consent to her seizure, arrest, detention or imprisonment.

48. As a result of the foregoing, plaintiff Shadeesha Brown was deprived of her liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

49. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Shadeesha Brown.

50. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 deprived plaintiff Shadeesha Brown of her rights to be free of unlawful searches and seizures, and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth

Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Shadeesha Brown.

## COUNT III

51. Plaintiffs incorporate by reference paragraphs 1 through 50 of this Complaint as though the same were set forth fully herein.

52. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 were acting under color of state law when they compelled plaintiff Shadeesha Brown, at gunpoint, to stand naked for 40 minutes while they searched the apartment in which she had been staying overnight.

53. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 deprived plaintiff Shadeesha Brown of her right to privacy and her right to due process of law guaranteed by the Fourth, Ninth and Fourteenth Amendments of the Constitution of the United States under color of state law in violation of 42 U.S.C. §1983 by compelling her to stand naked for 40 minutes while they searched the apartment in which she had been staying overnight.

## COUNT IV

54. Plaintiffs incorporate by reference paragraphs 1 through 53 of this Complaint as though the same were set forth fully herein.

55. The acts complained of were carried out by defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of breaking into residences without search warrants and arresting persons without warrants and without probable cause to believe they had committed a crime in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

58. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the limitations of arrest warrants and the requirements for and limitations on entry into a residence for the purpose of executing an arrest warrant;

(c) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(d) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants and arrest warrants, and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor forcible entries into residences to determine whether such entries were being made pursuant to valid search warrants and to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(g) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(h) Defendant The City of New York failed properly to supervise and monitor the conduct of its police officers during the execution of search warrants and arrest warrants;

(I) Defendant The City of New York failed to discipline police officers for forcibly entering residences on the basis of arrest warrants;

(j) Defendant The City of New York failed to discipline police officers for forcibly entering residences without search warrants;

(k) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

59. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

60. The forcible entry into the residence in which plaintiff Shadeesha Brown was staying and the seizure, arrest, detention, imprisonment and humiliation of plaintiff Shadeesha Brown by requiring her to remain naked and on display for 40 minutes on August 6, 2010, resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for execution of arrest warrants, the execution of search warrants, the standards of probable cause, the requirements for warrantless arrests, and appropriate conduct during the course of the search of a residence.

61. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless