entries into residences to execute arrest warrants and to arrest and detain people without a warrant or probable cause to believe they had committed an offense.

62. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to enter residences without a search warrant and to arrest and detain people without probable cause.

63. Defendant The City of New York deprived plaintiff Shadeesha Brown of her rights to be free of unlawful searches and seizures and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and her right to privacy guaranteed by the Fourth, Ninth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for execution of arrest warrants, the execution of search warrants, the standards of probable cause, the requirements for warrantless arrests, and appropriate conduct during the course of the search of a residence.

64. The aforesaid conduct of defendant The City of New York violated plaintiff Shadeesha Brown's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT V

65. Plaintiffs incorporate by reference paragraphs 1 through 64 of this Complaint as though the same were set forth fully herein.

66. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Brian McAlear and Keith Hockaday are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

67. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

68. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

69. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

70. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Shadeesha Brown would be violated.

71. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Shadeesha Brown.

72. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

73. Defendant The City of New York deprived plaintiff Shadeesha Brown of her rights to be free of unlawful searches and seizures and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United

States, and of her right to privacy guaranteed by the Fourth, Ninth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the illegal entry into the apartment in which plaintiff Shadeesha Brown had stayed overnight and the seizure, detention, arrest and humiliation of plaintiff Shadeesha Brown on August 6, 2010.

### COUNT VI

74. Plaintiffs incorporate by reference paragraphs 1 through 73 of this Complaint as though the same were set forth fully herein.

75. Defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8, and The City of New York falsely imprisoned plaintiff Shadeesha Brown by seizing, arresting and imprisoning her.

### COUNT VII

76. Plaintiffs incorporate by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. Defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8, and The City of New York committed an assault and battery on the person of plaintiff Shadeesha Brown by handcuffing her.

### COUNT VIII

78. Plaintiff incorporates by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79. The conduct of defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8 and The City of New York in requiring plaintiff Shadeesha Brown to stand naked for 40 minutes while

police officers searching the apartment in which she had stayed overnight passed through the room and gaped at her was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

80. The conduct of defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8 and The City of New York in requiring plaintiff Shadeesha Brown to stand naked for 40 minutes while police officers searching the apartment in which she had stayed overnight passed through the room and gaped at her was atrocious and utterly intolerable in a civilized community.

81. Defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8 and The City of New York required plaintiff Shadeesha Brown to stand naked for 40 minutes, while police officers searching the apartment in which she had stayed overnight passed through the room and gaped at her, with the intent to cause severe emotional distress to plaintiff Shadeesha Brown.

82. Defendants Brian McAlear, Keith Hockaday, "John Doe" #1-8 and The City of New York required plaintiff Shadeesha Brown to stand naked for 40 minutes, while police officers searching the apartment in which she had stayed overnight passed through the room and gaped at her, in disregard of a substantial probability that their conduct would cause severe emotional distress to plaintiff Shadeesha Brown.

83. As a result of the conduct of defendants McAlear, Keith Hockaday, "John Doe" #1-8 and The City of New York, plaintiff Shadeesha Brown suffered severe emotional distress.

## COUNT IX

84. Plaintiffs incorporate by reference paragraphs 1 through 83 of this Complaint as though the same were set forth fully herein.

85. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 were acting under color of state law when they forcibly entered the apartment in which plaintiff Gabriel Perez was

sleeping without a search warrant.

86. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 deprived plaintiff Gabriel Perez of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching the apartment in which plaintiff Gabriel Perez was sleeping.

## COUNT X

87. Plaintiff incorporates by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. The seizure, arrest, detention and imprisonment of plaintiff Gabriel Perez were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention, or imprisonment.

89. The seizure, arrest, detention and imprisonment of plaintiff Gabriel Perez were made without probable cause to believe that he had committed a crime or offense.

90. Plaintiff Gabriel Perez was aware of his seizure, arrest, detention and imprisonment by the defendants.

91. Plaintiff Gabriel Perez did not consent to his seizure, arrest, detention or imprisonment.

92. As a result of the foregoing, plaintiff Gabriel Perez was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

93. Defendants Brian McAlear, Keith Hockaday, and "John Doe" #1-8 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Gabriel Perez.