```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-18-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

SHADEESHA BROWN and GABRIEL PEREZ,

                       Plaintiffs,

     -against-

THE CITY OF NEW YORK, BRIAN McALEAR, KEITH
HOCKADAY, FREDERICO MARTINEZ, JOAQUIN
MORALES, ROBERT DOWNES, THOMAS ALBANO,
GERARD FLOOD, WILLIAM HART, TIMOTHY
MURPHY, KEYNYETTA ROUSE and THOMAS
LONGA,

                       Defendants.

------------------------------------------------------------- x

**CONFIDENTIALITY
STIPULATION AND ORDER**
AND ADDENDUM

11 Civ. 1068 (PKC)

       **WHEREAS**, defendants intends to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

       **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendant, as follows:

       1.    As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") or Department of Correction ("DOC") personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD and/or DOC conducted by the NYPD and/or the DOC, the Civilian Complaint

Review Board, or other agency, and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by defendant or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

    2.    Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

    3.    Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in this action.

    b.    Disclosure before trial may be made only to plaintiffs, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed

consent shall be retained by plaintiffs' attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. If the Court grants permission for filing under seal, the filing shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their

consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendant's use of the Confidential Materials in any manner.

- 4 -

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

Dated: January 11, 2012
New York, New York

| | |
|---|---|
| Eugene Bellin, Esq.<br>Michelstein & Associates, PLLC<br>*Attorneys for Plaintiffs*<br>485 Madison Ave Suite 1300<br>New York, NY 10022<br>(212) 588-0880<br><br>By: _____<br>Eugene M. Bellin, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, N.Y. 10007<br>(212) 788-1336<br><br>By: _____<br>Steven Silverberg<br>Assistant Corporation Counsel |

Subject to Addendum Order

SO ORDERED:
_____
P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
DATE: 1-18-12

- 5 -

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated _____, 2011, in the action entitled <u>Shadeesha Brown, et al. v. City of New York, et al.</u>, 11 Civ. 1068 (PKC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                                          Signature

                                                                  _____
                                                                  Print Name

                                                                  _____
                                                                  Occupation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHADESSSHA BROWN and
GABRIEL PEREZ

                      Plaintiff[s],

                                      ADDENDUM TO ORDER
                                      11 Civ. 1068 (PKC)

                 -against-

CITY OF NEW YORK, et al.

                     Defendant[s].
-----------------------------------------------------------x

        This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

        Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

        SO ORDERED.

                                                        P. Kevin Castel
                                            United States District Judge

Dated: New York, NY
1-18-12