UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
SHADEESHA BROWN and GABRIEL PEREZ,

                Plaintiffs,                              11CV1068(AJN)

     - against -                              **Plaintiffs' Statement of Disputed**
                                                     **Facts and Additional Material**
                                                     **Facts in Opposition to Defendant's**
THE CITY OF NEW YORK, BRIAN McALEAR,      **Motion for Summary Judgment**
KEITH HOCKADAY, FREDERICO MARTINEZ,    **Pursuant to Local Rule 56.1**
JOAQUIN MORALES, ROBERT DOWNES,
THOMAS ALBANO, GERARD FLOOD, WILLIAM
HART, TIMOTHY MURPHY, KENYETTA ROUSE,
and THOMAS LONGA,

                Defendants
---------------------------------------------------------------------x

Pursuant to Local Rule 56.1, Plaintiffs Shadeesha Brown and Gabriel Perez submit this Statement of Disputed Material Facts and Additional Material Facts in Opposition to Defendants' Motion for Summary Judgment.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

    1. Plaintiffs deny in the manner and form alleged.

        The search warrant in the form annexed to the Declaration of Martin Bloor as Exhibit A indicates that it was issued by a non-existent court, to wit, the Supreme Court of the *City* of New York (emphasis provided) and therefore does not comply with the requirements of New York Criminal Procedure Law §609.35 that a search warrant be issued by a local court and New York Criminal Procedure Law § 690.45(1) that the search warrant identify the Court which issued the search warrant.

    2. Admit.

    3. Admit.

4. Admit.

5. Admit.

6. Plaintiffs deny in the manner and form alleged.

This is not an objective statement of an undisputed material fact. The testimony in the exhibits to which this statement of alleged fact refers states only that the police officers cannot recall the amount of time they were in this apartment.

7. Plaintiffs deny in the manner and form alleged.

The plaintiffs admit that defendants Hockaday, McAlear and Morales were members of what the defendants characterize as the "Search Team", but defendant McAlear does not remember entering the apartment (Bellin Decl. Exh. 13 at 27:22-25, 28:2-18) and defendant Morales does not recall if defendant McAlear was present (Bellin Decl. Exh. 10 at 46:11-15, 47:2-4) , but, Det. Corey Jones did enter the apartment during the execution of the search warrant. (Bellin Decl. Exh. 14 at 31:3-25, 32:2-12)

8. Admit.

9. Admit.

10. Plaintiffs deny in the manner and form alleged.

The plaintiffs admit that they were asleep in the second – or middle – of three bedrooms in the apartment when the group of police officers the defendants characterize as the "Entry Team" first entered the apartment. (Bellin Decl. Exh 3, 27:9-11; Bellin Decl. Exh. 4, 37:8-24, 38:4-25:2-3)

11. Admit.

12. Plaintiffs deny in the manner and form alleged. The cited testimony does not indicate whether force was used.

13. Plaintiffs deny in the manner and form alleged.

Plaintiff Gabriel Perez was placed in handcuffs immediately upon entry of officers into the bedroom in which he and Ms. Brown had been sleeping. (Bellin Decl. Exh. 4 at 39:10-25. 40:2-25, 41:2-6, 42:13-19)

14. Admit.

15. Plaintiffs deny in the manner and form alleged.

Plaintiff Gabriel Perez did not receive medical treatment for any physical injury, but suffered pain and discomfort when a police officer forced him to the floor and placed a knee in his back to handcuff him.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Plaintiffs deny in the manner and form alleged.

However, in view of the dismissal of Counts III, IV, VIII and IX of the Complaint, this issue has become moot.

21. Admit.

22. Admit.[1]

23. The plaintiffs deny in the manner and form alleged.

Not all complaints against the defendant police officers were produced. However,

---

[1] Although this fact is not supported by the portions of the Morales transcript (defendants' Exhibit D) to which counsel refers and the pages of the Hockaday transcript (defendants' Exhibit C) to which counsel refers are not included in the exhibit, the plaintiffs do not dispute that defendant Morales was the on-site supervisor of the "search team".

in view of the dismissal of Counts IV and IX of the Complaint, this issue is moot.

24. Admit. The claims against defendant Martinez have been dismissed by stipulation.

25. The plaintiffs deny in the manner and form alleged.

Defendant Longa testified that as "rear security" in general he penetrates a few feet into the apartment (Bloor Decl. Exh. I at 46:6-13) and does not recall if he entered any bedroom in apartment 5B at 1368 Webster Avenue. (*Id.*, at 46:20-25)

## PLAINTIFFS' ADDITIONAL RELEVANT MATERIAL FACTS

In addition to the evidence submitted above as support for denying defendants' alleged undisputed facts, plaintiffs provide the following additional relevant material facts in support of their position that summary judgment is inappropriate in this case.

1. On August 6, 2010, Karen Rodriguez was the lawful tenant of apartment 5B at 1368 Webster Avenue, Bronx, New York. (Bellin Decl., Exh. 1 at 15:10-12, 16:25, 17:2-17, 20:4 - 11; *Id.*, Ex. 2 (NYC111.)

2. Plaintiffs Shadeesha Brown and Gabriel Perez were not residents of the apartment. (*Id.*, Exh. 3 at 19:24-25, 20:2-4); Exh. 4 at 13:5-15; Ex. 1 at 21: 4 - 11)

3. On August 6, 2010, plaintiff Shadeesha Brown was 18 years old. (*Id.*, Exh. 3 at 13:2-3)

4. On the night of August 5 - 6, 2010, plaintiffs Shadeesha Brown and Gabriel Perez were overnight guests of Karen Rodriguez. (*Id.*, Ex. 3 at 21:6-10, 22:16-21)

5. Apartment 5B at 1368 Webster Avenue, Bronx, New York, included three bedrooms. (*Id.*, Exh. 4 at 26:11-24; Exh 3 at 25:20-25, 26:2-7)

6. Plaintiffs Shadeesha Brown and Gabriel Perez spent the night of August 5 – 6 in the second – or middle – bedroom in apartment 5B. (*Id.*, Exh. 3 at 27: 9 -11; Exh. 4 at 37:8-24, 38:4-25, 39:2-3)

7. All of the police officers who entered apartment 5B at 1368 Webster Avenue on the morning of August 6, 2010 as part of the "entry team" and the "search team" were male. (*Id.*, Exh. 5 at 42:21-25; Exh. 6 at 90:4-9)

8. For the entry into apartment 5B at 1368 Webster Avenue, defendants Murphy and Downes acted as a team and stayed together throughout their presence in the apartment. (*Id.*, Exh. 5 at 37:12-25, 38:2-19)

9. Defendant Murphy[2] was the first police officer to enter apartment 5B at 1368 Webster Avenue on August 6, 2010. (*Id.*, Ex. 6 at 73:25,.74: 2-6; Exh. 5 at 37:14-25, 38:2-4)

10. Defendant Murphy was dressed in a navy blue uniform, a black tactical heavy vest and a black tactical helmet, and was carrying a black shield in his left hand and a handgun in his right hand. (*Id.*, Exh. 12 at 33:17-25, 34:2-5)

11. Defendant Robert Downes was the second police officer to enter apartment 5B on August 6, 2010. (*Id.*, Exh. 5 at 37:14-24)

12. Defendant Robert Downes was wearing a black heavy tactical vest over a navy blue uniform and a helmet. (*Id.*, Exh. 5 at 27:16-25, 28:2-25; 29:5-14)

13. Defendant Robert Downes was the police officer who handcuffed plaintiff Gabriel Perez. (*Id.*, Exh. 5 at 42:8-14; Bloor Decl., Exh. D, at NYC28)

14. Defendant Kenyetta Rouse was the third police officer to enter apartment 5B.on August 6, 2010. (Bellin Decl., Ex. 7 at 67:11-17, 24:15-25, 25:2-16; Bloor Decl. Ex. D, at NYC 28)

15. Defendant Kenyetta Rouse was wearing a navy blue uniform with a heavy vest with pouches, and a ballistic helmet with a chin strap, was holding a ballistic shield in his right hand and

---

[2] This police officer, who testified his name is Thomas Murphy, was identified as "Timothy Murphy", Shield No. 7264, by defendant The City of New York in a Supplemental Disclosure.

a handgun in his left hand. (Bellin Decl., Exh. 7 at 74:13-23)

16. Defendant Thomas Albano was the fourth police officer to enter apartment 5B on August 6, 2010. (*Id.*, Exh. 8 at 24:4-19, 26:24-25, 27:2-10)

17. Defendant Thomas Albano was wearing a helmet, a heavy vest, and a navy blue univorm. (*Id.*, Exh. 8 at 25:4-9, 25:22-25, 26:2-8)

18. Defendant Gerard Flood was the fifth police officer to enter apartment 5B on August 6, 2010. (*Id.*, Exh. 6 at 76:3-6, 77:2-5; Bloor Decl., Exh. D at NYC28)

19. Defendant Gerard Flood was wearing a navy blue uniform, a predominantly black heavy, balistic-proof vest, a helmet and goggles or glasses. (Bellin Decl., Exh. 6 at 70:23-15, 71:3-25, 72:2-25, 73:2-6)

20. The fifty-nine glassines of heroin and nineteen baggies, of crack cocain and alleged narcotics paraphernalia were found by defendant Hockaday in the third – or rear – bedroom of the apartment. (Bellin Decl., Exh. 9 at 79:5-25)

21. At some point following the entry of the "search team" into the apartment, defendant Joaquin Morales requested the presence of a female officer. (*Id.*, Exh. 10 at 69:19-22, 75:11-17)

22. At some point during the course of the morning at least one female police officer, whom the defendants cannot identify, appeared at the apartment. (*Id.*, Exh. 10 at 75:11-17)

23. Plaintiff Shadeesha Brown was not permitted to dress until the female police officer arrived. (*Id.*, Ex. 3 at 42:9-22)

24. Plaintiff Shadeesha Brown was under arrest when she was transported from 1368 Webster Avenue to the PSA7 Precinct. (*Id.*, Exh. 9 at 77:3-25, 78:2-15)

25. Plaintiff Shadeesha Brown was imprisoned in a cell at the PSA7 Precinct for approximately four hours. (*Id.*, Exh. 3 at 45:3-7, 47:9-13, 48:20-23, 50:18-25, 51:2; Exh. 9 at 77:20-

23)

26. Plaintiff Gabriel Perez was under arrest when he was transported from 1368 Webster Avenue to the PSA7 Precinct. (*Id.*, Exh. 9 at 77:3-25, 78:2-15)

27. Plaintiff Gabriel Perez was imprisoned in a cell at the PSA7 Precinct for approximately four hours – part of the time in a cell and part of the time in an interview room where he was questioned by defendant Morales. (*Id.*, Exh. 4 at 64:11-15, 69:13-19, 74:4-6; Exh. 9 at 77:20-23)

28. The defendants did not have a warrant authorizing the arrest of plaintiff Shadeesha Brown. (*Id.*, Exh. 11, at Response to Document Request No. 8[3])

29. The defendants did not have a warrant authorizing the arrest of plaintiff Gabriel Perez. (*Id.* Ex. 11, at Response to Document Request No. 9)

Dated: New York, New York
September 7, 2012

                    Respectfully submitted,

                    MICHELSTEIN & ASSOCIATES, PLLC
                    Attorneys for Plaintiffs
                    485 Madison Avenue - Suite 1300
                    New York, N.Y. 10022
                    Tel. (212) 588-0880
                    Fax (212) 588-0811

                    By: /s/ Eugene M. Bellin
                          Eugene M. Bellin (EB0722)

---

[3] This exhibit is the Defendants' Responses and Objections to the Plaintiffs' First Set of Interrogatories and Production of Documents.