UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHADEESHA BROWN and GABRIEL PEREZ,

                Plaintiffs,

    - against -

                                                11CV1068(AJN)

THE CITY OF NEW YORK, BRIAN McALEAR,
KEITH HOCKADAY, FREDERICO MARTINEZ,
JOAQUIN MORALES, ROBERT DOWNES,
THOMAS ALBANO, GERARD FLOOD, WILLIAM
HART, TIMOTHY MURPHY, KENYETTA ROUSE,
and THOMAS LONGA,

                Defendants
------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF SHADEESHA BROWN'S
MOTION *IN LIMINE*

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiffs

Eugene M. Bellin

485 Madison Avenue - Suite 1300
New York, New York 10022
Tel. (212) 588-0880
Fax  (212) 588-0811

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

STATEMENT OF FACTS......................................................................................................1

    A.    Identification of the Parties to the Lawsuit and Individuals with Knowledge..............1

    B.    Disposition of the Claims Asserted by Gabriel Perez......................................................2

    C.    Contraband Found in the Apartment...............................................................................3

    D.    Identification of Additional Witnesses by Defendants in the Pre-Trial Order.............3

    E.    Civilian Complaint Review Board (CCRB) Record of Complaint by Gabriel Perez...3

ARGUMENT.............................................................................................................................3

Point I.    The Caption of this Action Should Be Amended to Remove the Name of Gabriel Perez..........................................................................................4

Point II    The Caption of this Action Should Be Amended to Correct the Name of Defendant Thomas Murphy.......................................................................4

Point III    All Evidence, Whether by Testimony or Document, of Drugs Found in the Apartment Where the Acts Which Are the Subject of this Action Occurred Should Be Excluded..........................................................5

Point IV    The Testimony of Angel Irrizary and Police Officer Zarilla Should Be Excluded......................................................................................................7

Point V    The Document Identified as "Complaint Report (CCRB)" Should Be Excluded from Evidence as Hearsay..........................................................7

CONCLUSION..........................................................................................................................8

## TABLE OF AUTHORITIES          Page

### Cases

*Carofino v. Forester*, 2008 WL 1700194 (S.D.N.Y. 2008)............................................................5

*Dallas v. Goldberg*, 143 F.Supp.2d 312 (S.D.N.Y. 2001)..............................................................6

*Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993)...............................................................................8

*Firestone v. Berios*, __ F.Supp.2d ___, 2013 WL 297780 (E.D.N.Y. 2013)................................5

*Haag v. MVP Health Care*, 866 F.Supp.2d 137 (N.D.N.Y.)..........................................................5

*Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc.*, 359 Fed. Appx. 235, 237 (2d Cir. 2010)....7

*Manning v. County of Westchester*, 1995 WL 12579 (S.D.N.Y. 1995)........................................5

*Oba v. Gourd*, 180 F.R.D. 244, 245 (S.D.N.Y. 1988)....................................................................4

*Parsons v. Honeywell, Inc.*, 929 F.2d 901 (2d Cir. 1991)...............................................................8

*Rodriguez v. Modern Handling Equipment of N.J. Inc.*, 604 F.Supp.2d 612 (S.D.N.Y. 2009).......8

*Stephen v. Hanley*, 79 Fed. R. Evid. Serv. 875, 2009 WL 1471180 (E.D.N.Y. 2009)...................6

### Statutes and Rules

Fed. R. Civ. Proc. 26(a)(1)..............................................................................................................7

Fed. R. Civ. Proc. 37(a)...................................................................................................................7

Fed. R. Evid. 401.............................................................................................................................6

Fed. R. Evid. 402.............................................................................................................................6

Fed. R. Evid. 403.............................................................................................................................6

Fed. R. Evid. 805.............................................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff Shadeesha Brown seeks damages in this action (1) pursuant to 42 U.S.C. §1983 for the violation of her right to be free of unreasonable searches and seizures and her right to privacy, and (2) pursuant to state tort law for intentional infliction of emotional distress, for injuries she sustained when she was required to remain naked for an extended period of time by the defendants during the execution of a search warrant. The trial of this case is currently scheduled for May 28, 2013.

The plaintiff submits this memorandum of law in support of her motion *in limine* requesting that this Court:

1. Amend the caption of this action to remove the name of Gabriel Perez as a plaintiff;

2. Amend the caption of this action to correct the name of defendant Timothy Murphy to Thomas Murphy;

3. Exclude all evidence, whether by testimony or document, of drugs found in the residence where the events which are the subject of this action occurred;

4. Exclude the testimony of Angel Irrizary and Police Officer Zarilla;

5. Exclude from evidence the Complaint Report (CCRB), dated October 29, 2010, Bates stamped NYC 9-10.

## STATEMENT OF FACTS

### A. Identification of the Parties to the Lawsuit and Individuals with Knowledge

This case was originally instituted on behalf of Shadeesha Brown and Gabriel Perez against defendants The City of New York, Brian McAlear, Keith Hockaday and several "John Does" for their actions during the execution of a search warrant on August 6, 2010. (See Docket entry 1.) At the time the Complaint was filed, the plaintiffs were unable to identify the other police officers who were present during the incident on which the this action is based. The plaintiffs filed an Amended

1

Complaint, adding the other individual defendants on August 19, 2011. (See Docket entry 10.) Those participants in the events were identified by counsel for defendant The City of New York in the Defendants' Initial Disclosures Pursuant to F.R.C.P. 26(a)(1) dated June 28, 2011 (Bellin Decl., Exh. 1), and Defendants' First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e) dated August 2, 2011 (Bellin Decl., Exh. 2). The Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories and Production of Documents (Bellin Decl., Exh. 3) served on August 29, 2011[1] did not name any additional individual with discoverable information. Three and a half months following the Amended Complaint was filed, the defendants served their Second Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e) (Bellin Decl., Exh. 4) identifying an additional individual – Det. Corey Jones – "likely to have discoverable information".[2]

In their First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e) (Bellin Decl., Exh. 2), the defendants identified one of the individuals with discoverable knowledge as "Timothy Murphy", and that name was included in the Amended Complaint. On April 3, 2012, Detective Thomas Murphy appeared for deposition in this action and testified, based on a Warrant Execution Supplement Report (Bellin Decl., Exh. 5) that he was the Murphy who participated in the execution of a search warrant identified in that document. (Bellin Decl., Exh. 6, at 32:12 - 33:16.)

### B.   Disposition of the Claims Asserted by Gabriel Perez

By an Order dated February 8, 2013 (Docket entry 52), the Court granted the defendants summary judgment dismissing all claims brought on behalf of Gabriel Perez.

---

[1] The document is dated August 29, 2010, an apparent typographical error, as the Complaint in this action was first filed on February 18, 2011.

[2] Det. Corey Jones has not been added as an additional defendant.

2

### C. Contraband Found in the Apartment

Plaintiff Shadeesha Brown's claim in this action is that she was required to remain naked for an extended period of time during the execution of a search warrant in the apartment in which she had slept overnight as a guest. The defendants assert that during the search of the apartment, they discovered "59 glassines of cocaine, 42 bags of marijuana, 19 bags of crack, two scales, batteries, and assorted narcotic paraphernalia. (Bellin Decl., Exh. 7 at 72:17-19; 79:5-15; 87:5-19). The defendants have indicated in the Pre-Trial Order (Bellin Decl., Exh. 8 at p. 11) that they intend to offer into evidence four Property Clerk Vouchers which detail these items.[3] Ms. Brown was never charged with possession of these drugs. (Bellin Decl., Exh. 7, at 109:8-13; 110:7-9.)

### D. Identification of Additional Witnesses by Defendants in the Pre-Trial Order

On April 5, 2013, during the preparation of the Joint Pre-Trial Order in this case the defendants first disclosed their intention to call two witnesses at trial whose identities had not previously been disclosed exchanged: Angel Irrizary and Police Officer Zarilla. (Bellin Decl., Exh. 8, at p. 7.)

### E. Civilian Complaint Review Board (CCRB) Record of Complaint by Gabriel Perez

On August 12, 2010, a person identifying himself as Gabriel Perez apparently placed a telephone call to the Civilian Complaint Review Board to file a complaint about the events of August 6, 2010 which are the basis of this lawsuit. The defendants have indicated in the Pre-Trial Order (Bellin Decl., Exh. 8, at p. 11) that they intend to offer into evidence a report of the complaint. This report (Bellin Decl., Exh. 9) does not purport to be a verbatim transcript of the statement by the person making the complaint.

---

[3] Plaintiff is unable to file copies of the Property Clerk vouchers with this motion because they were marked "Confidential" by the defendants.

3

# ARGUMENT

**Point I**   **The Caption of this Action Should Be Amended to Remove the Name of Gabriel Perez**

Plaintiff Shadeesha Brown respectfully requests that the caption of this action be amended to remove the name of Gabriel Perez as a plaintiff. Pursuant to this Court's Order dated February 8, 2013, all claims by Gabriel Perez against the defendants were dismissed. (See Docket entry 52.) Consequently, Gabriel Perez is no longer a party and there is no reason to retain his name in the title of this action. The name of a party who has been removed from a case should be deleted from the caption. (See *Oba v. Gourd*, 180 F.R.D. 244, 245 [S.D.N.Y. 1988].)

Plaintiff Shadeesha Brown will be prejudiced if Gabriel Perez' name remains in the caption because jurors may speculate about his absence if he does not testify.

**Point II**   **The Caption of this Action Should Be Amended to Correct the Name of Defendant Thomas Murphy**

A minimum of nine police officers were involved in the entry and search of the apartment in which plaintiff Shadeesha Brown was sleeping on the morning of August 6, 2010. At the time this action was commenced, plaintiff's counsel was aware of the names of only two of those officers – defendants Brian McAlear and Keith Hockaday. The names of the other police officers involved were provided to plaintiff's counsel by counsel for defendant The City of New York in initial and supplementary disclosures. (Bellin Decl., Exhs. 1 and 2.) The name of defendant Murphy was disclosed as "Timothy Murphy" by defense counsel. (See Bellin Decl., Exh. 2.) Consequently, this defendant was designated as "Timothy Murphy" in the Amended Complaint. The individual produced for deposition as defendant Murphy was Thomas Murphy, who testified that he, in fact, was the Murphy who participated in the entry in the search upon which this action is based. (Bellin Decl., Exh. 5; Bellin Decl., Exh. 6, at 32:12 - 33:16.)

4

Federal Rule of Civil Procedure 15(a) (2) authorizes the Court to permit an amendment "when justice so requires." (See *Haag v. MVP Health Care*, 866 F.Supp.2d 137, 146, [N.D.N.Y.], directing removal of the name of a plaintiff whose claims were dismissed from the caption; *Carofino v. Forester*, 2008 WL 1700194 [S.D.N.Y. 2008]; *Firestone v. Berios*, __ F.Supp.2d ___, 2013 WL 297780 [E.D.N.Y. 2013]; *Manning v. County of Westchester*, 1995 WL 12579 at *2 [S.D.N.Y. 1995].) In this case, where the error in naming defendant Murphy was based on information provided by counsel for the defendants, justice requires that the caption in this action be amended to correct this defendant's name. Defendant Murphy, who appeared in this action by counsel and has actively defended the action, will not be prejudiced by the correction of his name.

The plaintiff will be prejudiced if the name of the defendant in the caption is not corrected, because the difference in first names may confuse the jurors.

**Point III**   **All Evidence, Whether by Testimony or Document, of Drugs Found in the Apartment Where the Acts Which Are the Subject of this Action Occurred Should Be Excluded.**

The factual issue in this case is simple: did police officers executing a search warrant in the apartment where plaintiff Shadeesha Brown spent the night require her to remain naked for an extended period of time while the apartment was searched.

Police officers searching the apartment found 59 glassine envelopes of heroin, 42 bags of marijuana, 19 bags of crack, two scales, batteries, and "assorted narcotic paraphernalia". (Bellin Dec., Exh. 7 at 72:8-17, 79:5-15, 87:5-19.) The defendants have indicated in the Joint Pre-Trial Order that they intend to offer into evidence Property Clerk vouchers itemizing the materials found in the apartment.[4] Plaintiff Shadeesha Brown was never charged with possession of any of the items

---

[4] The documents are designated by the defendants as exhibit 5 in the Pre-Trial Order

5

found in the apartment. (Bellin Decl., Exh. 7, at 109:8-13; 110:7-9.)

The drugs found in the apartment are not relevant to the only issue to be tried in this case – whether Ms. Brown was required to remain naked for an extended period of time. The sole purpose for introducing evidence of the discovery of drugs in the apartment is to suggest to the jury that Ms. Brown had some connection to the drugs and therefore should not be believed, or that she had used drugs, for which there is no evidence.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The presence of drugs and drug paraphernalia in the apartment where the plaintiff was detained does not tend to make it more or less likely that the plaintiff was required to remain naked for an extended period of time during the search, or that the length of time she was required to remain naked was unreasonable. The only purpose which such evidence would have is to lead jurors to believe that the plaintiff was somehow connected to those drugs. Consequently, the presence of these items in the apartment is not relevant and should be excluded. *Stephen v. Hanley*, 79 Fed. R. Evid. Serv. 875, 2009 WL 1471180, at 5 - 6 (E.D.N.Y. 2009); *Dallas v. Goldberg*, 143 F.Supp.2d 312, 316 - 318 (S.D.N.Y. 2001).

Moreover, even if relevant, evidence of the large quantity of drugs found in the apartment would improperly inflame the jury against the plaintiff and possibly lead the jury to conclude that the plaintiff was engaged in drug trafficking. Therefore, evidence of drugs found in the apartment also should be excluded pursuant to Federal Rule of Evidence 403 because it is unfairly prejudicial, will confuse the issues, and will mislead the jury.

6

**Point IV     The Testimony of Angel Irrizary and Police Officer Zarilla Should Be Excluded**

The defendants first disclosed the names of Angel Irrizary and Police Officer Zarilla as witnesses in the Joint Pre-Trial Order (Bellin Decl., Exh. 8 at p. 7). These names were not disclosed in the defendants' Initial Disclosure Pursuant to F.R.C.P. 26(a)(1) or any subsequent disclosure. (See Bellin Decl., Exhs. 1, 2, 3 and 4.)

F.R.C.P. 37(c)(1) prohibits a party who fails to provide information or the identity of a witness pursuant to F.R.C.P. 26(a) or (e) from using the information or witness at trial " * * * unless the failure was substantially justified or harmless. * * * " The appropriate remedy at bar is to exclude the testimony of these witnesses at trial. *Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc.*, 359 Fed. Appx. 235, 237 (2d Cir. 2010).

**Point V     The Document Identified as "Complaint Report (CCRB)" Should Be Excluded from Evidence as Hearsay**

The defendants have indicated their intention to offer into evidence a Complaint Report apparently prepared by an employee of the Civilian Complaint Review Board and exchanged under Bates stamp numbers NYC9-10. (See Bellin Decl., Exh. 8, at p. 11.)[5] This document (Bellin Decl., Exhibit 9) appears to be a summary of a complaint filed by Gabriel Perez with the New York City Civilian Complaint Review Board. Thus, it is neither a statement of plaintiff Shadeesha Brown nor of Gabriel Perez. (Significantly, the defendants never produced either an audio recording or a verbatim transcription of the complaint by Gabriel Perez to the Civilian Complaint Review Board.) Even a cursory examination of the narrative portion of the document establishes the inaccuracy – and therefore unreliability – of the reporter: he refers to apartment 5D instead of apartment 5B. This document, produced by an employee of defendant The City of New York, must be excluded as

---

[5] The document is designated as defendants' exhibit 6 in the Pre-Trial Order.

7

double hearsay. (Federal Rule of Evidence 805) First, the document itself is an out-of-court statement. Second, the document purports to relate a statement made by a third party to the author. *Rodriguez v. Modern Handling Equipment of N.J. Inc.*, 604 F.Supp.2d 612, 622-623 (S.D.N.Y. 2009); *Parsons v.Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991); *Eng v. Scully*, 146 F.R.D. 74, 79-80 (S.D.N.Y. 1993.)

## CONCLUSION

For the foregoing reasons, the plaintiff's motion *in limine* should be granted in all respects

Dated: New York, New York
April 15, 2013

          Respectfully submitted,

          Michelstein & Associates, PLLC
          Attorneys for Plaintiffs

          By:   s/Eugene M. Bellin
                Eugene M. Bellin (EB0722)