UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHADEESHA BROWN and GABRIEL PEREZ,    :
   :
       Plaintiffs,    :
   :
   - against -    :
   :      11CV1068(AJN)
THE CITY OF NEW YORK, BRIAN McALEAR,    :
KEITH HOCKADAY, FREDERICO MARTINEZ,    :
JOAQUIN MORALES, ROBERT DOWNES,    :
THOMAS ALBANO, GERARD FLOOD, WILLIAM    :
HART, TIMOTHY MURPHY, KENYETTA ROUSE,    :
and THOMAS LONGA,    :
   :
       Defendants    :
-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiff

Richard A. Ashman
Eugene M. Bellin

485 Madison Avenue - Suite 1300
New York, New York 10022
Tel. (212) 588-0880
Fax (212) 588-0811

## **Table Of Contents**

**Page**

Table of Authorities ............................................................................. iii

Preliminary Statement ..................................................................... 1

I.   The City, Against Which Plaintiff Still Has a Claim For Intentional
     Infliction of Emotional Distress, Will Be a Defendant At Trial ........................... 1

II.  Counsel For the City Will Be Referred To At Trial As the
     "City's Attorney" ................................................................... 3

III. Plaintiff Will Not Refer At Trial To the City's Indemnification of the
     Officer Defendants ...................................................................... 3

IV.  Plaintiff Will Use Evidence of the Defendants' Disciplinary Histories,
     Prior Lawsuits and Other Prior Conduct Only For Purposes of Their
     Impeachment Under Federal Rule of Evidence 608 ......................................... 4

V.   Plaintiff Should Be Able to Mention a Specific Dollar Amount of Damages
     In Her Summation To the Jury, With Cautionary Jury Instructions ........................ 5

VI.  Plaintiff Will Not Testify Herself As To the Diagnosis Of Her Medical
     Condition ............................................................................. 6

VII. Plaintiff and Her Counsel Should Not Be Barred At Trial From Using
     Terms Or Language To Describe Her Experience Of the Incident ........................... 6

VIII. Plaintiff Will Not Contest the Validity of the Search Warrant the
      Officer Defendants Executed .......................................................... 7

IX.  Plaintiff Is Permitted To Introduce At Trial the Deposition Testimony of
     Gabriel Perez Because He Is Unavailable Under Rule 32 By Reason of
     His Imprisonment ..................................................................... 8

X.   Plaintiff's State Law Claims Against the Officer Defendants Should Not
     Be Dismissed Now Because Her Notice of Claim Fails to Individually
     Name the Officers .................................................................... 9

     A. The Defendants Have Waived Any Claim of Defect in
        the Notice of Claim. .............................................................. 10

     B. The Plaintiff's Was Not Required to Name the Individual
        Police Officers in Her Notice of Claim. ........................................... 11

C.  Plaintiff's Notice of Claim Fully Complies with the Requirements
of General Municipal Law §50-e……………………………………………….…  12

XI.   Plaintiff Is Entitled To Introduce the Defendants' Deposition
Testimony As Part of Her *Prima Facie* Case At Trial  ……………….……………..  13

XII.   Plaintiff Also Reserves Her Right To File Supplemental Motions
*In Limine*  ………………………………………………………………………....  17

Conclusion  ……………………………………………………………………….…  17

## Table of Authorities

**Page(s)**

### Cases

*Adams v. New York City Transit Authority*, 140 A.D.2d 572 (2d Dep't 1988) .............. 10

*Boca Investerings Partnership v. U.S.,* 197 F.R.D. 18 (D.D.C. 2000) ....................... 9

*Brown v. Pagan*, 2010 WL 1430702 (S.D.N.Y. 2010)............................................. 14

*Carey v. Piphus*, 435 U.S. 247 (1978) ................................................................. 6

*Chen v. City of Syracuse*, 2009 WL 529553 (N.D.N.Y. 2009....................... 2

*Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003 (2d Cir.1995)...................... 5

*Edwards v. City of New York*, No. 08-2199 (TLM), 2011 WL 2748665
   (E.D.N.Y. July 13, 2011) ............................................................................. 3, 5

*Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993) .................................................... 4

*Engman v. City of Ontario*, No. EDCV 10–284 CAS (PLA),
   2011 WL 2463178 (C.D. Cal. Jun. 20, 2011) ................................................ 7

*Fenstermacher v. Philadelphia National Bank*, 493 F.2d 333 (3d Cir. 1974).................... 14

*Franklin v. District of Columbia*, 960 F. Supp. 394 (D.D.C. 1997),
   vac'd in other part, 163 F.3d 625 (D.C. Cir. 1999) .......................................... 8-9

*Gautier v. Crosby Marine Service, Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985).................. 14

*Goodwin v. Pretorius*, -- N.Y.S.2d --, 2013 WL 1165275
   (4th Dep't March 22, 2013) ........................................................................ 11

*Gonzalez v. Bratton*, 147 F. Supp.2d 180 (S.D.N.Y. 2001), aff'd,
   48 Fed. Appx. 363 (2d Cir. Oct. 16, 2002) .................................................. 10-11

*In re Moore*, 39 B.R. 571 (Bankr. M.D.Fla.1984) ................................................ 9

*Ismail v. Cohen*, 706 F. Supp. 243 (S.D.N.Y. 1989), aff'd, 899 F.2d 183
   (2d Cir. 1990) ........................................................................................... 10

*Jean-Laurent v. Hennessy*, 840 F. Supp.2d 529 (E.D.N.Y. 2011) ........................... 4, 5

*Kroin v. City of New York*, 210 A.D. 95 (1st Dep't 1994) ..................................... 10

*Lightfoot v. Union Carbide Corp.,* 110 F.3d 898 (2d Cir. 1997) ............................... 5

**Page(s)**

*Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 WL 113913
(S.D.N.Y. Jan. 29, 2002) ……………………………………………… 4

*Messina v. Mazzeo*, 854 F. Supp. 116 (E.D.N.Y. 1994) …………………………… 12, 13

*Redd v. New York State Division of Parole*, 2013 WL 588233 (E.D.N.Y. 2013)………… 14

*Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993)…………………………… 2

*Saladino v. Stewart & Stevenson Services, Inc.,* No. 01–CV–7644 (SLT)(JMA),
2011 WL 284476 (E.D.N.Y. Jan. 26, 2011), aff'd, -- Fed. Appx. --
(2d Cir. Oct. 17, 2012) …………………………………………… 6

*Sandak v. Tuxedo Union School Dist. No. 3, Town of Tuxedo,*
308 N.Y. 226, 230 (1954) …………………………………………… 12

*Savarese v. City of New York Housing Authority*, 172 A.D.2d 506,
567 N.Y.S.2d 855, 857 (2d Dept. 1991)…………………………………… 2

*Tate by McMahon v. Colabello*, 58 N.Y.2d 84 (1983) ……………………………………… 5

*Tatum v. City of New York*, No. 06–cv–4290 (PGG)(GWG), 2009 WL 1748044
(S.D.N.Y. Jun. 19, 2009) …………………………………………… 2, 3

*TVT Records v. Island Def Jam Music Group*, 257 F. Supp.2d 737
(S.D.N.Y. 2003) …………………………………………………… 6

*U.S. v. One (1) 1983, Fifty-Seven Foot (57') Gulfstream Vessel, M/V Christy Lee,*
640 F. Supp. 667 (S.D. Fla. 1986) ………………………………………… 9

*Verponi v. City of New York*, 31 Misc.3d 1230(A)
(Sup. Ct. Kings Co. May 19, 2011) ………………………………………… 12, 13

*Wu v. City of New York*, 934 F.Supp.2d 581, 592 (S.D.N.Y. 1996)…………………………… 2

### Laws, Rules and Regulations

Federal Rule of Civil Procedure 32 ……………………………………… 8, 9, 13, 14, 15, 16

Federal Rule of Evidence 608 ………………………………………………… 4

N.Y. General Municipal Law §50-e ……………………………………… 9, 10, 11, 12, 13

N.Y. General Municipal Law §50-i ………………………………………………… 2

## Preliminary Statement

Plaintiff Shadeesha Brown respectfully submits this memorandum of law in opposition to the omnibus *in limine* motions filed by Defendants New York City Police Officers Brian McAlear, Keith Hockaday, Joaquin Morales, Robert Downes, Thomas Albano, Gerard Flood, William Hart, Thomas Murphy and Kenyatta Rouse (collectively, the "Officer Defendants"), to exclude evidence at trial on various grounds.   All the Officer Defendants were personally involved in the incident involving Plaintiff in the early morning of August 6, 2010, when they broke into an apartment where Plaintiff was sleeping, forcibly detained her at gun-point and made her stand naked for 40 minutes.

The Officer Defendants' scatter-shot motion – essentially seeking to limit the plaintiff's trial evidence to her testimony that her name is Shadeesha Brown – is divided into twelve subparts, and for the reasons that follow, all their contentions are misconceived and meritless, or academic because Plaintiff does not intend to introduce evidence for such purposes at trial.   Their contentions will be addressed *seriatim* in the order they are presented in Defendants' Memorandum of Law In Support of Their Motion *In Limine* ("Defs. Mem of Law"):

## I.   The City, Against Which Plaintiff Still Has a Claim For Intentional Infliction of Emotional Distress, Will Be a Defendant At Trial

The Officer Defendants' first seek to delete Frederico Martinez, Thomas Longa and The City of New York from the caption of this action.   The plaintiff does not oppose the deletion of Martinez and Longa from the caption because all claims against them have been dismissed.   However, the Officer Defendants' argument that Defendant The City of New York ("City") should be eliminated from the caption – and never mentioned at trial – because Plaintiff's "only claim" against has been dismissed completely ignores the fact the Plaintiff

has asserted a state law tort claim against the City (as well as against the Officers) under New York General Municipal Law § 50-i that will be tried.

Plaintiff's Amended Complaint alleges a claim against all defendants, including the City, for intentional infliction of emotional distress, which none of the defendants have challenged so far in this case.   (See Count VII of the Amended Complaint, Ashman Decl., Exhibit 1.)   Plaintiff has alleged in the Amended Complaint that each of the Officer Defendants was employed by defendant City and was "acting within the scope of his employment by the defendant The City of New York" at all relevant times. (*Id.* at ¶¶10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30.)   Neither defendant City nor the Officer Defendants have denied these allegations.   Under the state tort claim of intentional infliction of emotional distress, defendant City is responsible for the acts of its employees under the principle of *respondeat superior*. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993); *Wu v. City of New York*, 934 F.Supp.2d 581, 592 (S.D.N.Y. 1996); *Chen v. City of Syracuse*, 2009 WL 529553 *9 (N.D.N.Y. 2009); *Savarese v. City of New York Housing Authority*, 172 A.D.2d 506, 508, 567 N.Y.S.2d 855, 857 (2d Dept. 1991).

Therefore, the City unquestionably remains a defendant in this case, and will be defending itself at trial on Plaintiff's state tort claim for intentional infliction of emotional distress alongside the Officer Defendants.   Accordingly, the City should not be stricken from this case.   See *Tatum v. City of New York*, No. 06–cv–4290 (PGG)(GWG), 2009 WL 1748044 at *7 (S.D.N.Y. Jun. 19, 2009) ("Defendants cite no precedent for concealing the fact that the City is a defendant, and the Court will not do so").

## II.   Counsel For the City Will Be Referred To At Trial As the "City's Attorney"

Because as discussed _supra_ in I, the City will be a defendant at trial, it is accurate and appropriate to refer to defense counsel as "the City's attorneys".   Consequently, the Officer Defendants' second contention that Plaintiff's counsel cannot make "[a]ny mention of the City or of defense counsel as 'City attorneys'" should be rejected.   (Defs. Mem. of Law at p. 3)   If the City and the Officer Defendants are represented at trial by separate counsel, then obviously Plaintiff's counsel can refer to the attorney for the City as the "City's attorney." If on the other hand, the same counsel is representing all defendants at trial, then that counsel logically can be referred to as the attorney for the City when he or she is representing the City at trial.   Compare _Edwards v. City of New York_, No. 08-2199 (TLM), 2011 WL 2748665 at *5 (E.D.N.Y. July 13, 2011) (where   "New York City is no longer a defendant, defense counsel should be referred to as 'defense counsel' or 'corporation counsel'").   The Court can further instruct counsel at the start of trial as to which attorneys can be referred to before the jury by what appellations.

## III.   Plaintiff Will Not Refer At Trial To the City's Indemnification of the Officer Defendants

Plaintiff does not intend to introduce evidence on her direct case or to refer at trial to the City's potential indemnification of the Officer Defendants if they are found liable, but "reserves the right to offer evidence that the City may indemnify [the Officer Defendants] if [they] choose[] to offer evidence concerning [their] financial resources." _Tatum_, 2009 WL 1748044 at *7.

## IV.   Plaintiff Will Use Evidence of the Defendants' Disciplinary Histories, Prior Lawsuits and Other Prior Conduct Only For Purposes of Their Impeachment Under Federal Rule of Evidence 608

In response to the Officer Defendants' contention that "evidence of the Officers' disciplinary histories, personnel files, and prior lawsuits" should be excluded (Defs. Mem. of Law at pp. 5-9), Plaintiff does not intend to affirmatively seek the admission of the Officer Defendants' disciplinary histories, personnel files or prior lawsuits against them.

However, when the Officer Defendants testify at trial, Plaintiff reserves the right to use such histories, files or lawsuits on cross-examination for impeachment purposes. Federal Rule of Evidence 608(b)(1) provides that "[specific instances of the conduct of a witness] may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning the witness' character for truthfulness or untruthfulness."   See also *Jean-Laurent v. Hennessy*, 840 F. Supp.2d 529, 555 (E.D.N.Y. 2011) (defendant police officer's disciplinary histories and past lawsuits may be admissible at trial for "a witness to be cross-examined concerning 'character for truthfulness or untruthfulness' with evidence of a witness's specific instances of conduct, if such evidence is probative of truthfulness or untruthfulness"); *Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 WL 113913 at **7-8  (S.D.N.Y. Jan. 29, 2002)  (disciplinary action taken against defendant "can be admitted for the purpose of impeachment to the extent that the act bears on [defendant's] credibility"); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (Rule 608(b) allows use at trial of party's disciplinary records for "inquiry into Plaintiff's conduct for impeachment" purposes in civil rights suit).

Alternatively, since determining whether to allow information about defendants' previous conduct from their disciplinary records or their past lawsuits to be used to impeach

defendants on cross-examination at trial requires the "probative-prejudice balancing analysis provided in Federal Rule of Evidence 403," Plaintiff submits the Court should postpone ruling on such issues until faced with concrete, specific situations presented at trial. See *Jean-Laurent* v. *Hennessy*, 840 F. Supp.2d at 537, 556.

## V.   Plaintiff Should Be Able to Mention a Specific Dollar Amount of Damages In Her Summation To the Jury, With Cautionary Jury Instructions

The Officer Defendants next contend that Plaintiff should be precluded from suggesting to the jury a specific dollar amount of damages to compensate her for her injuries. (Defs. Mem. of Law at p. 9)   Subsequent to the Second Circuit's decision in *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003 (2d Cir.1995), which defendants rely upon, it has clarified its position on this issue, stating, "[W]e favor a more flexible approach. It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912 (2d Cir. 1997).

The New York Court of Appeals has adopted the latter alternative as preferable:

> In support of the path of reasoning by which he would persuade them on this subject [of the amount of damages that would adequately compensate plaintiff for her injuries], it was counsel's privilege "to place before the jury his client's contentions in this regard" and, to this end, he was "entitled to state the amount of damages demanded." … Moreover, appropriately, this was followed by an instruction during the court's charge to the jury that the ultimate measure of damages was to be "a sum of money which will justly and fairly compensate" the plaintiff (PJI 2:280, 2:281).

*Tate by McMahon v. Colabello*, 58 N.Y.2d 84, 87-88 (1983) (citations omitted).

Federal courts in New York have typically allowed plaintiff's counsel to request in summation a specific amount of damages to be awarded by the jury, accompanied by a cautionary jury charge. See, e.g., *Edwards v. City of New York*, 2011 WL 2748665 at *2;

*Saladino v. Stewart & Stevenson Services, Inc.*, No. 01–CV–7644 (SLT)(JMA), 2011 WL

284476 at \*\*10-11 (E.D.N.Y. Jan. 26, 2011), aff'd, *sur nom Saladino v. American Airlines*,

___ Fed. Appx. ___, 2012 WL 4902633 (2d Cir. Oct. 17, 2012);  *TVT Records v. Island Def*

*Jam Music Group*, 257 F. Supp.2d 737, 748-49 (S.D.N.Y. 2003).

### VI.   Plaintiff Will Not Testify Herself As To the Diagnosis Of Her Medical Condition

Plaintiff does not take issue with the Officer Defendants' contention that Plaintiff is

not qualified to testify about her opinion of the diagnoses of her condition – i.e., Post

Traumatic Stress Disorder and Depression.  (Defs. Memo. of Law at p. 10)   Plaintiff will be

calling Dr. Marcia Knight, as her expert witness at trial, to testify at trial about her opinions

as to the diagnosis, prognosis and the etiology of Plaintiff's psychological disorders.

But Plaintiff certainly can testify at trial about her emotional experience during the

incident, her symptoms, her feelings of depression, how they have affected her daily

functioning and her life, and when and how they manifested themselves.   She is also

competent to testify as to her perceptions of what induced her symptoms and injuries.   See

*Carey v. Piphus*, 435 U.S. 247, 263-64 (1978) (observing that in order to show whether

emotional and mental distress resulted from violations of plaintiff's Constitutional rights in

the context of a §1983 claim, "Distress is a personal injury familiar to the law, customarily

proved by showing the nature and circumstances of the wrong and its effect on the plaintiff").

### VII.   Plaintiff and Her Counsel Should Not Be Barred At Trial From Using Terms Or Language To Describe Her Experience Of the Incident

The Officer Defendants' next contention basically is that certain words – "optical

rape", "traumatic seizure," or "forcible display of nudity" - should not be mentioned at trial

because they are too "inflammatory."   (Defs. Mem. of Law at p. 12)    Prohibiting the

mentioning of certain terms is preposterous. If Plaintiff experienced being forced to stand totally naked with her arms at her side for 40 minutes while the Defendants came into the room to stare at her as feeling like being visually raped, then she should be allowed to testify before the jury using her own words, and her counsel should be free to use such terms in order to effectively represent her.

The Officer Defendants cite to one case for this remarkable contention. But in that case, *Engman v. City of Ontario*, No. EDCV 10–284 CAS (PLA), 2011 WL 2463178 (C.D. Cal. Jun. 20, 2011), the court prohibited the plaintiff's use of words which were inherently derogatory to the defendant police officers, such as "wall of blue" or "code of silence," while allowing the use of words descriptive of the defendants' actual conduct, including their "engag[ing] in a cover up in relation to their [alleged filing of] false police reports." *Id.* at *4. In this case, words such as visual or optical "rape" or "forcible display of nudity" obviously pertain to the Officer Defendants' acts and conduct, and are not "anti-police slurs." *Id.*

## VIII.   Plaintiff Will Not Contest the Validity of the Search Warrant the Officer Defendants Executed

Plaintiff will not be questioning the validity of the underlying search warrant that the Officer Defendants relied upon when they entered and searched the apartment in question, in the course of which they detained, restrained and seized Plaintiff in the manner alleged. (Defs. Mem. of Law at p. 13) Plaintiff will prove at trial that the manner in which the Officer Defendants executed the warrant and unreasonably searched, seized and detained her violated her Constitutional and federal statutory rights as well as their common law duties and obligations, with the intent of humiliating her, causing her emotional distress, invading her privacy, and causing her severe psychological injuries.

**IX.** **Plaintiff Is Permitted To Introduce At Trial the Deposition Testimony of Gabriel Perez Because He Is Unavailable Under F.R.C.P. Rule 32 By Reason of His Imprisonment**

The Officer Defendants next contend, contrary to their own caption, that Plaintiff should not be allowed to have the deposition testimony of Gabriel Perez, originally a plaintiff in this case whose claims have since been dismissed, admitted at trial because he is not unavailable as required by Federal Rule of Civil Procedure 32. (Defs. Mem. of Law at pp. 14-15) They further assert that Plaintiff must first attempt to have Perez, who is currently incarcerated in the custody of the Defendant City, brought to trial to testify before his deposition testimony can be introduced.

This contention, however, is clearly contrary to the plain language of Rule 32 and the decisions construing it. Rule 32(a)(1), which governs the use of depositions at trial, provides in relevant part that "all or part of a deposition may be used against a party [at trial] on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it[1]; ... and (C) the use is allowed by Rule 32(a)(2) though (8)." Rule 32(a)(4) provides, "A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: ... (C) that the witness cannot attend or testify because of ... imprisonment."

Courts have construed the language in Rule 32(a)(4)(C) (which up to recently was codified at Rule 32(a)(3)(C)) to mean that the fact of a witness's imprisonment is sufficient to render him "unavailable" for purposes of the Rule. See, e.g., *Franklin v. District of Columbia*, 960 F. Supp. 394, 399 n.5 (D.D.C. 1997), vac'd in other part, 163 F.3d 625 (D.C. Cir. 1999); *U.S. v. One (1) 1983, Fifty-Seven Foot (57') Gulfstream Vessel, M/V Christy Lee*,

---

[1] This requirement of the Officer Defendants having counsel representing them at Perez's deposition held earlier in this case has been met.

640 F. Supp. 667, 668 (S.D. Fla. 1986); *In re Moore*, 39 B.R. 571, 572 (Bankr. M.D.Fla.1984).

The only case that the Officer Defendants cite in support of their contention, *Boca Investerings Partnership v. U.S.*, 197 F.R.D. 18 (D.D.C. 2000), is clearly distinguishable. The court phrased the issue there as, "Should a party be permitted to introduce the deposition testimony of a witness under Rule 32(a)(3)(C) *when the party is the federal government – the very same government that has the witness in its custody, has the ability to transport and produce the witness, and has not otherwise explained why the witness is unable to attend or testify at trial*." *Id.* at 19 (emphasis added).  Here, it is defendant City – not the plaintiff – which has custody of the incarcerated witness.  Plaintiff, who seeks to introduce at trial the deposition taken in this case of the incarcerated, (now) non-party Perez because of his unavailability, obviously has no control over the witness, or ability to transport and produce him at trial.

## X.  Plaintiff's State Law Claim Against the Officer Defendants Should Not Be Dismissed Now Because Her Notice of Claim Fails to Individually Name the Officers

The Officer Defendants' next contention is couched as an *in limine* motion:  it seeks to "preclude evidence relating to Plaintiff's claim for intentional infliction of emotion[al] distress" because Plaintiff's notice of claim is insufficient under General Municipal Law §50-e in that "the offending officers are not individually named" in it.  (Defs. Mem. of Law at pp. 15-16)  But it really is a motion to dismiss or for summary judgment on Plaintiff's claim for intentional infliction of emotional distress against the Officer Defendants based on a purported deficiency in her Notice of Claim.

### A. The Defendants Have Waived Any Claim of Defect in the Notice of Claim.

As alleged in her Amended Complaint (Ashman Decl,, Exhibit 1 at ¶31), less than two weeks after the incident of August 6, 2010, Plaintiff timely and properly served a Notice of Claim on the Comptroller of the City of New York as required by General Municipal Law §50-e.   Her Notice of Claim provides a detailed description of the time, place and manner in which the claims arose, and states as "items of damage or injuries," <u>inter alia</u>, her "embarrassment, humiliation, emotional distress, [and] feelings of being violated." (Ashman Decl., Exhibit 2, at p. 1)  The City then held a "50-h hearing" on December 7, 2010, in which its attorney questioned the Plaintiff about the incident and the injuries she suffered.

Up to this time, more than three years into the litigation of this case, neither the Officer Defendants nor the Defendant City have challenged the adequacy of the Notice of Claim's provision of notice of Plaintiff's claim for intentional infliction of emotional distress against the City, and therefore they have waived any such challenge on the eve of trial.  It is well-established under §50-e that "a municipal corporation may, by its conduct, waive an irregularity in the notice of claim" under the law, except as relates "to the manner or time of service."  *Adams v. New York City Transit Authority*, 140 A.D.2d 572, 573 (2d Dep't 1988); *Ismail v. Cohen*, 706 F. Supp. 243, at 248-49 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990); *Kroin v. City of New York*, 210 A.D. 95, 95 (1st Dep't 1994).  Thus, in *Ismail v. Cohen*, 706 F. Supp. 243, where the City and police officers moved to dismiss the state law claims because of deficiencies in plaintiff's notice of claim, the Court held that the defendants were estopped from doing so because they "<u>move</u> over four years after the filing of both the notice of claim and the complaint, <u>on the eve of trial</u>, to dismiss most of the state law claims, <u>asserting for the first time that the notice of claim is deficient</u>.  <u>This claim is</u>

firmly rejected." Id. at 248-49 (emphasis added). See also *Gonzalez v. Bratton*, 147 F. Supp.2d 180, 193 (S.D.N.Y. 2001) (where defendants did not raise the issue of inadequacy of the notice of claim previously, "the Court considers the City Defendants to have waived the opportunity to argue it"), aff'd, 48 Fed. Appx. 363 (2d Cir. Oct. 16, 2002).

Since the Officer Defendants here are not contesting "the manner or time of service" of Plaintiff's Notice of Claim, they have waived any purported other defects in the Notice, such as not individually naming the Officer Defendants, by not raising it earlier. This waiver is underscored by their failure to raise the issue in their prior motion for summary judgment.

## B. The Plaintiff's Was Not Required to Name the Individual Police Officers in Her Notice of Claim.

Second, even if the Officer Defendants could raise this issue now in a motion *in limine*, the better-reasoned decisions of New York courts have held that individual defendants do not need to be specifically named in a notice of claim that has been properly and timely served on the City. Very recently, the Fourth Department in *Goodwin v. Pretorius*, -- N.Y.S.2d --, 2013 WL 1165275 (4th Dep't March 22, 2013), exhaustively addressed the same issue raised by defendants here of the sufficiency of a properly served notice of claim against the county under §50-e, that did not include the names of the individual county employees who also were defendants in the lawsuit. Reviewing all the contrary precedent, it concluded:

> ... [T]he courts have misapplied or misunderstood the law in creating, by judicial fiat, a requirement for notices of claim that goes beyond those requirements set forth in the statute. If the legislature had intended that there be a requirement that the individual employees be named in the notices of claim, it could easily have created such a requirement. Indeed, the absence of such a requirement has previously been noted. ... Inasmuch as the notice of claim requirements are "in derogation of [a] plaintiff's common-law rights," the statute creating such a requirement should be strictly construed in the plaintiff's favor.

11

Id. at *5 (quoting *Sandak v. Tuxedo Union School Dist. No. 3, Town of Tuxedo*, 308 N.Y. 226, 230 (1954)). In holding that §50-e does not require the notice to name individually the employees involved in the claims against the municipality, courts have emphasized the purpose of a notice of claim, which "is to put the municipality on notice as to the nature of the claim against it and its employees, thereby giving the municipality the opportunity to investigate the merits of the claim before the initiation of litigation." *Messina v. Mazzeo*, 854 F. Supp. 116, 145 (E.D.N.Y. 1994); see also *Verponi v. City of New York*, 2011 WL 1991719 at *5, 31 Misc.3d 1230(A) (Sup. Ct. Kings Co. May 19, 2011) (denying defendant police officers' motion to dismiss state law claims against them on the ground that they were not individually named in the notice of claim, stating, "While the text of GML § 50-e specifically requires the name of the claimant, it does not require the names of the employees against whom the claims are asserted. … This issue is not whether the police officers were identified by name in the Notice of Claim, but whether they were described sufficiently for the City to be able to investigate the claim".) Furthermore, the statute requires service of a notice of claim only on the municipality – not on the individual employees involved. Consequently, the employees do not receive notice even if their names are included in the notice of claim.

It should be noted that the time the Notice of Claim was served less than two weeks after the incident, and at that time the plaintiff neither knew nor had any way of learning the names of the police officers who were involved.

### C. Plaintiff's Notice of Claim Fully Complies with the Requirements of General Municipal Law §50-e

New York General Municipal Law §50-e(2) provides,

The notice [of claim] shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. [Matter in brackets added.]

Less than two weeks after the incident of August 6, 2010, plaintiff timely and properly served a Notice of Claim on the Comptroller of the City of New York. Her Notice of Claim provides a detailed description of the date and time of the incident, place where it occurred, and the manner in which the claims arose, and states as "items of damage or injuries," inter alia, her "embarrassment, humiliation, emotional distress, [and] feelings of being violated." There was sufficient information in the Notice of Claim to permit defendant City to enquire at the appropriate precinct about any police activity at the described location. (Ashman Decl., Exh. 2 p. 1) The City then held a "50-h hearing" on December 7, 2010, where its attorneys questioned Plaintiff about the incident and the injuries she suffered. Clearly, plaintiff's Notice of Claim had more than adequate information to permit defendant City to investigate the claim. *Messina v. Mazzeo*, *supra*; *Verponi v. City of New York*, *supra*.

### XI.   Plaintiff Is Entitled To Introduce the Defendants' Deposition Testimony As Part of Her *Prima Facie* Case At Trial

The Officer Defendants' contention that Plaintiff should be precluded from introducing their own deposition testimony at trial because "they will all be present and available to testify at trial" (Defs. Mem. of Law at p. 17) is without foundation.

The plaintiff intends to introduce deposition testimony of several of the defendants into evidence as part of her *prima facie* case. (The plaintiff intends to call other defendants to testify in person.) The defendants are requesting that the Court contravene Rule 32(a)(3)

13

of the Federal Rules of Civil Procedure to preclude the plaintiff from introducing their deposition testimony as part of her case-in-chief on the ground that the defendants intend to call some of these individuals as witnesses to testify during the presentation of the defense case.

One of the purposes of conducting depositions of defendants during the discovery phase of litigation is to obtain evidence from them which is relevant and necessary to the establishment of the plaintiff's *prima facie* case.

It is for this reason that Rule 32(a)(3) of the Federal Rules of Civil Procedure provides:

> (3)     *Deposition of Party, Agent or Designee* An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent or designee under Rule 30(b)(6) or 31(a)(4).

The language of Rule 32(a)(3) is clear and a party cannot be refused permission to use the adverse party's deposition merely because the adverse party is available to testify in person. See *Redd v. New York State Division of Parole*, 2013 WL 588233 at *12 (E.D.N.Y. 2013); *Brown v. Pagan,* 2010 WL 1430702 (S.D.N.Y. 2010).

The decisions cited by the defendants are inapposite. In *Gautier v. Crosby Marine Service, Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985), the 5th Circuit Court of Appeals held that the District Court did not abuse discretion in denying the plaintiff's attempt to introduce consistent deposition testimony to emphasize the live trial testimony of a witness after the witness had testified. In *Fenstermacher v. Philadelphia National Bank*, 493 F.2d 333 (3d Cir. 1974), the court noted (493 F.2d 333, 338):

> Rule 32(a)(2),[2] Fed.R.Civ.P., provides that the deposition of an adverse party or an officer, director or managing agent thereof, may be used for any purpose at a trial or hearing if otherwise admissible under the rules of evidence. This remains the case even though the deposed party has testified at the hearing. See 4 A J. Moore, Federal Practice P32.04 (2d ed.1972).

The court ruled that the District Court's error in refusing to admit the depositions was not prejudicial because the depositions did not add any information to that provided by the deponents who had already testified at trial.

Here, by contrast, the plaintiff intends to offer the deposition testimony of some of the defendants as part of her *prima facie* case in lieu of eliciting live testimony from these witnesses. The Court should note that the plaintiff intends to read only selected portions of the defendants' deposition testimony – not the entire depositions. (See Ashman Decl., Exh. 3, at p. 8-10.)

Since the plaintiff must present her case first and the testimony of these defendants is part of her *prima facie* case, their testimony is not cumulative. In effect, the defendants are asking the Court to prevent the plaintiff from adducing relevant testimony on her direct case on the *possibility* that these defendants will testify after she has rested – and that their testimony will include the facts she wishes to adduce. The defendants thus seek to turn courtroom procedure on its head to prevent the plaintiff from offering relevant deposition testimony on her direct case. The defendants ask the court to ignore the fact that the plaintiff must present her evidence first and cannot anticipate what testimony a defendant may or may not offer after the plaintiff has rested her case. The deposition testimony of the defendants will not be duplicative for the simple reason that when it is introduced, the defendants will not have offered any evidence.

---

[2] Now Rule 32(a)(3).

15

Nothing in current F.R.C.P. Rule 32(a) or decisions interpreting the current rule prevents a plaintiff from introducing the deposition testimony of a defendant during the plaintiff's *prima facie* case simply because that defendant expresses an intention to testify later. Consequently, the defendants' application to preclude the plaintiff from reading portions of their deposition testimony at trial should be denied.

However, should the Court rule that plaintiff cannot introduce the deposition testimony of these defendants at trial, the Court should direct defense counsel to make these Officer Defendants available to be called as witnesses by the plaintiff.[3]

Similarly, the plaintiff should not be precluded from introducing the deposition testimony of Thomas Longa at trial. At the time of his deposition, Mr. Longa was a defendant in this action. To the best of counsel's knowledge, he continues to be an employee of defendant The City of New York. If, however, the Court determines that the plaintiff cannot introduce the deposition testimony of Thomas Longa into evidence, the plaintiff requests that the Court direct the defendants to make Mr. Longa available to be called as a witness by the plaintiff.

In addition, the plaintiff will use the Officer Defendants' deposition testimony to impeach them when they are being cross-examined at trial. See Fed. R. Civ. Pro. 32(a)(2) ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness.").

---

[3]   Police officers testifying at depositions in this case have not provided their residence addresses, exercising a law enforcement privilege. Consequently, effecting personal service of a subpoena on these police officers, many of whom work out of a remote location, is extremely difficult, if not impossible.

16

**XII.    Plaintiff Also Reserves Her Right To File Supplemental Motions *In Limine***

Finally, since Officer Defendants "reserve their right to file supplemental motions *in limine*" (Defs. Mem. of Law at 18), Plaintiff requests an equal opportunity to file such motions.

## Conclusion

For the reasons presented here, the Court should deny Subparts I, II, IV (to the extent noted), V, VII, IX, of the Officer Defendants' *in limine* motion, not rule on the rest of their contentions because Plaintiff does not intend to introduce evidence for the stated purposes at trial, and grant such other and further relief as it deems just and proper.

Dated:  New York, N.Y.
      April  22, 2013

Respectfully submitted,


By:   s/Richard A. Ashman
      Richard A. Ashman, Esq.
      Eugene M. Bellin
      **Michelstein & Associates, PLLC**
      Attorneys for Plaintiff
      485 Madison Avenue
      New York, New York 10016
      (212) 588-0880