IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHADEESHA BROWN, *et al.*, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 11 Civ. 1068 (AJN) |
| | : | |
| THE CITY OF NEW YORK, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE**

PEPPER HAMILTON LLP

Lawrence Byrne
Martin S. Bloor
Linda Regis-Hallinan
Chris Howard

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700 (Tel)
212.808.2738 (Fax)

*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.      EVIDENCE OF DRUGS AND AMMUNITION FOUND DURING
PLAINTIFF'S ALLEGED DETENTION IS RELEVANT AND NOT
UNFAIRLY PREJUDICIAL .................................................................................. 2

      A.    Evidence of the Drugs and Ammunition Found During the Execution of
the Search is Relevant to Show the Reasonableness of Plaintiff's
Detention.................................................................................................... 2

      B.    The Probative Value of Evidence of Drugs and Ammunition Found in the
Apartment Is Not Substantially Outweighed by Rule 403 Considerations............. 4

      C.    Plaintiff Relies on Two Inapplicable and Distinguishable Cases .......................... 5

II.     POLICE OFFICERS IRIZARRY AND ZORRILLA SHOULD BE PERMITTED
TO TESTIFY AT TRIAL ...................................................................................... 6

      A.    Defendants Were Not Required to Disclose the Names of Officers Irizarry
and Zorrilla Because Their Names Were Already Known by Plaintiff for
Over One Year ......................................................................................... 6

      B.    Even if Defendants Were Required to Previously Disclose the Officers'
Names, the Failure to Do So Was Harmless and Did Not Cause Plaintiff
Any Prejudice........................................................................................... 8

CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**                                                      **PAGES(S)**

*In re "Agent Orange" Prod. Liab. Litig.*,
    611 F. Supp. 1223 (E.D.N.Y. 1985) (Weinstein, J.).................................................4

*Amex v. Mopex, Inc.*,
    No. 00-cv-5943 (SAS)(MHD), 2002 U.S. Dist. LEXIS 25085 (S.D.N.Y. July 25,
    2002) ...................................................................................................................8

*Boyde v. Monroe County*,
    No. 08-cv-6242, 2011 U.S. Dist. LEXIS 108452 (W.D.N.Y. Sept. 22, 2011) ..........9

*Dallas v. Goldberg*,
    143 F. Supp. 2d 312 (S.D.N.Y. 2001) ......................................................................5

*Ebewo v. Martinez*,
    309 F. Supp. 2d 600 (S.D.N.Y. 2004).................................................................8, 9

*Fiacco v. City of Rensselaer*,
    783 F.2d 319 (2d Cir. 1986)......................................................................................4

*Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*,
    No. 01-cv-1047, 2002 U.S. Dist. LEXIS 17502 (S.D.N.Y. Sept. 19, 2002) .............9

*Jean-Laurent v. Hennessy*,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) .....................................................................3

*Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*,
    661 F. Supp. 2d 473 (D. Del. 2009)..........................................................................9

*Marvel Worldwide, Inc. v. Kirby*,
    777 Fed. Supp. 2d 720 (S.D.N.Y. 2011)...............................................................3, 4

*Michigan v. Summers*,
    452 U.S. 692 (1981)..............................................................................................3, 4

*Potenza v. City of New York*,
    2009 U.S. Dist. LEXIS 60877 (E.D.N.Y. July 15, 2009) .........................................5

*Sealy v. Gruntal & Co.*,
    No. 94-cv-7948 (KTD)(MHD), 1998 U.S. Dist. LEXIS 15654 (S.D.N.Y. Oct. 6,
    1998) ...................................................................................................................5

*Stephen v. Hanley*,
   No. 03-CV-6226 (KAM) (LB), 2009 U.S. Dist. LEXIS 43334 (E.D.N.Y. May 21,
   2009) .................................................................................................................5

*United States v. Paredes*,
   176 F. Supp. 2d 179 (S.D.N.Y. 2001) .......................................................................2

*United States v. Pegues*,
   493 Fed. Appx. 396 (4th Cir. 2012) ..........................................................................4

**STATUTES AND RULES**

Fed. R. Civ. P. 26 ...........................................................................................................8

Fed. R. Civ. P. 37 ....................................................................................................8, 9

Fed. R. Evid. 401 ............................................................................................................3

Fed. R. Evid. 402 ............................................................................................................3

Fed. R. Evid. 403 .......................................................................................................4, 5

**OTHER AUTHORITIES**

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1
   (3d ed. 2011) ................................................................................................................7

6 Moore's Fed. Practice § 26.27 ....................................................................................9

Defendants respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion in Limine filed on April 15, 2013.

## PRELIMINARY STATEMENT

Plaintiff, Shadeesha Brown, filed a motion *in limine* requesting the Court's intervention on five matters concerning the forthcoming trial of this action.  Plaintiff requests first that Gabriel Perez be removed from the case caption and second that the name Timothy Murphy in the case caption be changed to Thomas Murphy.  Defendants do not object to these requests.  In addition, Defendants no longer intend to admit the CCRB Complaint into evidence, and therefore, Plaintiff's request to exclude this evidence is moot.[1]  As to Plaintiff's remaining two requests to exclude evidence, Defendants oppose them for the following reasons.

First, Defendants oppose Plaintiff's request to exclude evidence of drugs and ammunition discovered by police executing a search of the apartment where Plaintiff was located.  (Pl. Mot. at 5)  As detailed below, the evidence found while Plaintiff was allegedly detained is relevant to aid the jury as they determine whether the nature and length of the alleged detention by Defendants was justified by valid law enforcement purposes, and the evidence is not unfairly prejudicial.

Second, Defendants oppose Plaintiff's request to preclude the testimony of Officers Irizarry and Zorrilla for failure to previously disclose their names.  (Pl. Mot. at 7)  Defendants provided Plaintiff a document over a year ago that identifies both of these Officers and indicates they were present during the execution of the search warrant.  At numerous depositions, Plaintiff's counsel questioned several Defendants about Officers Irizarry and

---

[1] Defendants reserve the right to use the CCRB Complaint for purposes of impeachment.

Zorrilla.  As Plaintiff was well aware of the Officers' identities and the role they played during the events in question, Defendants were not obligated to disclose their names prior to the pretrial order.  Even if Defendants were under such an obligation, any error on the part of Defendants has not prejudiced Plaintiff and was therefore harmless.[2]

In sum, as Plaintiff fails to show that the challenged evidence is clearly inadmissible, her *in limine* requests with respect to evidence of the drugs and ammunition recovered at the apartment and the testimony of Officers Irizarry and Zorrilla should be denied. *See United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) ("Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.").

## ARGUMENT

**I.    EVIDENCE OF DRUGS AND AMMUNITION FOUND DURING PLAINTIFF'S ALLEGED DETENTION IS RELEVANT AND NOT UNFAIRLY PREJUDICIAL**

Plaintiff contends, without pointing to any binding or applicable precedent, that the materials found by police officers executing a search of the apartment where Plaintiff was located and allegedly detained in the nude should be excluded because such evidence is not relevant and is unfairly prejudicial.  (Pl's Mot. at 5-6)  As demonstrated below, however, if the jury believes that Plaintiff was detained in the nude, evidence of drugs and ammunition found near her is relevant to show the officers' justification for the length and nature of such detention.

**A.    Evidence of the Drugs and Ammunition Found During the Execution of the Search is Relevant to Show the Reasonableness of Plaintiff's Detention**

Only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has *any tendency* to make a fact more or less probable than it would be without the evidence;

---

[2] Even if the Court finds the error was not harmless, the Officers may still testify for purposes of impeachment.

and the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis supplied). To determine what constitutes relevant evidence, courts are "guided by the nature of the claims and defenses in the cause of action." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011).

In a claim for unlawful detention in violation of the Fourth Amendment, the central question is whether the "nature of the detention, particularly its intrusiveness, [was] greater than necessary to achieve valid law enforcement purposes." (Order on Summ. J. at 11) In *Michigan v. Summers*, 452 U.S. 692, 702 (1981), the Supreme Court identified two key areas of relevancy. "In assessing the justification for the detention of an occupant of premises being searched for contraband pursuant to a valid warrant, *both the law enforcement interest and the nature of the 'articulable facts' supporting the detention are relevant*." *Id.* (emphasis supplied). Therefore, relevant evidence in the present case bears on whether the officers' conduct was reasonable to achieve valid law enforcement purposes.

Here, Defendants intend to demonstrate that Plaintiff's detention in the nude lasted only for the length of time necessary to achieve valid law enforcement purposes. Evidence of what was found in the apartment – in particular, large amounts of crack cocaine, heroin, marijuana and also a .9 millimeter round of ammunition – constitutes articulable facts supporting the detention. *Id.*; *cf. United States v. Pegues*, 493 Fed. Appx. 396, 400 (4th Cir. 2012) (finding evidence of drugs and weapon found on another person during detention "relevant to explain why the officers acted in the manner they did" toward the defendant who was nearby). To the extent Plaintiff puts forward evidence showing that she was detained in the nude for approximately forty minutes, Defendants should have an opportunity to admit evidence of what

3

the officers uncovered during that time to justify her alleged detention.  The evidence is therefore relevant.

### B.   The Probative Value of Evidence of Drugs and Ammunition Found in the Apartment Is Not Substantially Outweighed by Rule 403 Considerations

Rule 403 permits a court to exclude relevant evidence only "if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403 (emphasis supplied).  The district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis, *Fiacco v. City of Rensselaer*, 783 F.2d 319, 327-28 (2d Cir. 1986), and "[t]rial courts properly are reluctant to exclude relevant evidence unless there is a powerful and compelling reason to do so."  *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1223, 1255 (E.D.N.Y. 1985) (Weinstein, J.).

Here, Plaintiff fails to offer any compelling reason to exclude relevant evidence of drugs and ammunition recovered at the apartment.  Instead, Plaintiff suggests that the evidence found during her detention could "inflame the jury against the plaintiff and possibly lead the jury to conclude that the plaintiff was engaged in drug trafficking."  (Mot. at 6)  Such speculation, however, does not rise to the level required by Rule 403, particularly considering that Defendants have not alleged – nor will they at trial – that Plaintiff was engaged in drug trafficking.  *See Potenza v. City of New York*, 2009 U.S. Dist. LEXIS 60877, at *13 (E.D.N.Y. July 15, 2009) ("Even if this evidence might cast plaintiff in a negative light, the court finds that its probative value is not substantially outweighed by its prejudicial effect.").

As noted above, evidence of drugs and ammunition recovered during Plaintiff's detention is highly probative and goes directly to the heart of the question in this case, *i.e.*, if Plaintiff was detained in the nude, was her detention justified for law enforcement purposes?

Thus, even if the evidence suggested that Plaintiff was associated with the drugs and ammunition – which Plaintiff is free to rebut by her own testimony – any potential prejudice is outweighed by the evidence's probative value.

### C.      Plaintiff Relies on Two Inapplicable and Distinguishable Cases

Plaintiff cites, but does not explain, two cases in which courts excluded evidence of drugs and drug paraphernalia recovered during a search.  (Pl's Mot. at 6) (citing *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 314 (S.D.N.Y. 2001); *Stephen v. Hanley*, No. 03-CV-6226 (KAM) (LB), 2009 U.S. Dist. LEXIS 43334 (E.D.N.Y. May 21, 2009)).  Notably, in both cases, the defendants argued that drugs recovered *after* an arrest were relevant to show the officers' state of mind *before* making the arrest.  *Dallas*, 143 F. Supp. 2d at 317 ("Evidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant to a determination of whether the officer had probable cause to make the arrest."); *Stephen*, 2009 U.S. Dist. LEXIS 43334, at *16 (rejecting argument that drugs were relevant "to establish the officers' frame of mind before they entered the apartment" because "the drugs recovered by the officers were not known by the officers at the time they entered the apartment").  In both cases, the courts properly excluded the evidence.

In contrast, Defendants here are not using evidence of drugs and ammunition recovered at the apartment as a kind of backward-looking approach to justify their initial search of the apartment or their initial detention of Plaintiff.[3]  Instead, the drugs recovered during Plaintiff's alleged detention are relevant to demonstrate the officers' continued detention of Plaintiff.  As the evidence of drugs and ammunition found in the apartment is relevant and not unfairly prejudicial, Plaintiff's motion to exclude the evidence should be denied.

---

[3] Indeed, neither the initial search of the apartment nor Plaintiff's initial detention are at issue in this case.

## II.   POLICE OFFICERS IRIZARRY AND ZORRILLA SHOULD BE PERMITTED TO TESTIFY AT TRIAL

### A.   Defendants Were Not Required to Disclose the Names of Officers Irizarry and Zorrilla Because Their Names Were Already Known by Plaintiff for Over One Year

Defendants should be permitted to call Officers Irizarry and Zorrilla (the "Officers") because information concerning these Officers was made known to Plaintiff through the discovery process.  Rule 26(e) requires a party to supplement its disclosure under Rule 26(a), but only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  *See also Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720, 727 (S.D.N.Y. 2011) ("[Defendants] did not have a duty to supplement their Rule 26 initial disclosures to add . . . potential witnesses, because the existence of both witnesses became known to [Plaintiff] during discovery."); *Sealy v. Gruntal & Co.*, No. 94-cv-7948 (KTD)(MHD), 1998 U.S. Dist. LEXIS 15654, at *7-8 (S.D.N.Y. Oct. 6, 1998) ("Since the identities of seven of these individuals were disclosed in deposition testimony, together with at least some information about their potential significance, plaintiff cannot demonstrate a clear-cut violation of the quoted rule with respect to them."); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1 (3d ed. 2011) ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.").

In this case, Plaintiff has known for over a year – both through deposition testimony and through documents produced in discovery – that Officers Irizarry and Zorrilla were present during the execution of the search warrant and may have relevant information.  For instance, on March 9, 2012, Defendants produced to Plaintiff, as part of their supplemental

production, a document titled "Search Warrant Plan Pre-Execution."  *See* Bloor Decl., Ex. A[4] (Letter dated March 9, 2012, to Eugene Bellin enclosing Defendants' supplemental production, at NYC098).  The document lists the date, location, and personnel present during the search at 1368 Webster Avenue.  Stated clearly under the column "Personnel," the document lists Officers "IRRIZARY" and "ZARILLA."[5]  (*Id.*)

> After reviewing the document, Plaintiff's counsel asked questions regarding Officers Irizarry and Zorrilla during the deposition of other officers.  *See* Bloor Decl., Ex. B (Deposition of Joaquin Morales, April 25, 2012, at 26:19-24; 27:1-14) (discussing specific assignment for Officer Irizarry during execution of search); 28:18-23; 29:1-22 (discussing specific assignment for Officer Zorrilla during execution of search)); Bloor Decl., Ex. C (Deposition of Corey Jones, March 16, 2012, at 74:14-19; 75:14-25; 76:1-2; 77:4-18) (discussing Officers Zorrilla and Irizarry's roles); Bloor Decl., Ex. D (Deposition of Brian McAlear, April 30, 2012, at 11:13-23; 12:2-24; 27:7-11; 29:24-25; 30:1-4) (Discussing roles of Officer Zorrilla and Irizarry during execution of search).

> Because the identities of Officers Irizarry and Zorrilla were disclosed in deposition testimony and documentary discovery, together with information about the Officers' potential significance, Plaintiff has failed to demonstrate that Defendants violated their discovery obligations.

---

[4] References to "Bloor Decl." are to the declaration of Martin S. Bloor, dated April 22, 2013, and submitted in support of Defendants' Response in Opposition to Plaintiff's Motion in Limine.

[5] Defendants note that Officers names are properly spelled "ZORRILLA" and "IRIZARRY."

**B.      Even if Defendants Were Required to Previously Disclose the Officers'
Names, the Failure to Do So Was Harmless and Did Not Cause Plaintiff Any
Prejudice**

Moreover, even if Defendants were required to disclose the Officers' names,

Defendants' failure to do so was harmless and does not prejudice Plaintiff.  *See* Fed. R. Civ. P.

37 advisory committee's note (1993) (stating that it would be an "unduly harsh penalt[y]" to

impose sanctions for "the inadvertent omission from a . . . disclosure of the name of a potential

witness known to all parties").[6]

Rule 37 of the Federal Rules of Civil Procedure provides that a party who failed

to previously identify a witness as required by Rule 26(a) or (e) may be precluded from using

that witness at trial, "unless the failure was substantially justified or harmless."  Fed. R. Civ. P.

37(c)(1).  Rule 37 is meant "to prevent the practice of 'sandbagging' an opposing party with new

evidence."  *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004); *see also Amex v.

Mopex, Inc.*, No. 00-cv-5943 (SAS)(MHD), 2002 U.S. Dist. LEXIS 25085, *14-15 (S.D.N.Y.

July 25, 2002) ("The net intended effect of these two rules is to avoid 'surprise' or 'trial by

ambush.'").  "Courts in this Circuit recognize that preclusion of evidence pursuant to Rule

37(c)(1) is a drastic remedy and should be exercised with discretion and caution."  *Ebewo*, 309 F.

Supp. 2d at 607; *see also Boyde v. Monroe County*, No. 08-cv-6242, 2011 U.S. Dist. LEXIS

108452, *10-11 (W.D.N.Y. Sept. 22, 2011) ("Preclusion is a harsh sentence, and is not

mandatory under the Second Circuit's interpretation of Rule 37(c)(1).").

In determining whether a failure to comply with discovery rules was harmless,

courts consider several factors, including:  (1) "the prejudice or surprise to the party against

whom the evidence is offered;" (2) "the likelihood of disruption of the trial;" (3) "the possibility

---

[6] Even if the Court finds that the failure to disclose was not harmless, Defendants can still introduce the testimony of
Officers Irizarry and Zorrilla for impeachment purposes.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (noting that a party is
not required to disclose the identity of an individual whose "use would be solely for impeachment").

of curing the prejudice;" (4) "the explanation for the failure to disclose;" (5) "the presence of bad faith or willfulness in not disclosing the evidence;" and (6) "the importance of the information withheld." *Boyde*, 2011 U.S. Dist. LEXIS 108452, at *10 n.1 (citing *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 661 F. Supp. 2d 473, 476-77 (D. Del. 2009)).

Here, a review of the relevant factors indicates that any error by Defendants is harmless. Plaintiff suffers little prejudice if the Officers testify because she has known for over a year that Officers Irizarry and Zorrilla were present during the execution of the search warrant and may have relevant information. *See Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, No. 01-cv-1047, 2002 U.S. Dist. LEXIS 17502, at *6 (S.D.N.Y. Sept. 19, 2002) (quoting 6 Moore's Fed. Practice § 26.27[2][d] at 26-93) ("[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial"). Apparently satisfied with the information received concerning these Officers, Plaintiff's counsel has made no effort to depose them. Thus, Plaintiff cannot now claim to be surprised or prejudiced by the Officers' testimony at trial.

Lastly, there was no bad faith or willfulness by Defendants here. Defendants did not learn of the document that identified Officers Zorrilla and Irizarry until the deposition of Joaquin Morales on March 6, 2012. Three days later, Defendants promptly produced the document to Plaintiff along with other discovery. *See* Ex. A.

Therefore, the Court should permit the Officers to testify because: (1) Plaintiff knew the identities of the Officers for over a year, which satisfied Defendants' disclosure obligations; and (2) to the extent such an obligation existed, any error was harmless and did not prejudice Plaintiff.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion *in limine* to exclude evidence of the drugs and ammunition recovered at the apartment and the testimony of Officers Irizarry and Zorrilla should be denied.

Dated:  April 22, 2013
New York, New York                                    Respectfully submitted,

                                                   /s/ Martin S. Bloor_____
                                                   Lawrence Byrne
                                                   Martin S. Bloor
                                                   Linda Regis-Hallinan
                                                   Chris Howard
                                                   Pepper Hamilton LLP
                                                   620 Eighth Avenue
                                                   New York, NY  10018-1405
                                                   212.808.2700 (Tel)
                                                   212.808.2738 (Fax)

                                                   *Attorneys for Defendants*