IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHADEESHA BROWN, *et al.*, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 11 Civ. 1068 (AJN) |
| | : | |
| THE CITY OF NEW YORK, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT
OF THEIR MOTION IN LIMINE**

PEPPER HAMILTON LLP

Lawrence Byrne
Martin S. Bloor
Linda Regis-Hallinan

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700 (Tel)
212.808.2738 (Fax)

*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

    I.       To Avoid Undue Prejudice, the City Should be Removed from the Case Caption and Plaintiff Should be Precluded From Referring to the City as a Defendant ............................................................................................................. 1

    II.      Defense Counsel Should Not be Referred to as "City Attorneys" .......................... 1

    III.     The Unopposed Request to Preclude Indemnification Evidence Should be Granted ................................................................................................................. 2

    IV.     Plaintiff Should be Precluded from Cross-Examining the Officers Regarding Their Unsubstantiated Disciplinary Histories, Personnel Files, and Prior Lawsuits ..................................................................................................... 2

    V.      Plaintiff Should be Precluded from Suggesting a Specific Dollar Amount to the Jury ............................................................................................................. 4

    VI.     Plaintiff Should be Precluded from Offering Causation Testimony ....................... 5

    VII.    The Court Should Preclude Plaintiff and Her Counsel from Using Inflammatory Language to Describe the Defendant Officers' Conduct ................ 6

    VIII.   Defendants' Unopposed Request to Preclude Plaintiff from Questioning the Validity of the Search Warrant Should be Granted ......................................... 6

    IX.     Because Gabriel Perez is Available to Testify in Person, the Court Should Preclude Plaintiff from Offering Mr. Perez's Deposition Testimony ..................... 6

    X.      Plaintiff's Deficient Notice of Claim Mandates Dismissal of Her State Law Claim ............................................................................................................ 7

    XI.     The Court Should Preclude the Admission of Duplicative Deposition Testimony ............................................................................................................. 9

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                        **PAGE(S)**

*Adams v. New York City Transit Auth.*,
    528 N.Y.S.2d 638 (N.Y. App. Div. 1988) ................................................................................8

*Barnes v. Anderson*,
    202 F.3d 150 (2d Cir. 1999)......................................................................................................6

*Berkovich v. Hicks*,
    922 F.2d 1018 (2d Cir. 1991).....................................................................................................4

*Bielunas v. Misty Dawn*,
    621 F.3d 72 (1st Cir. 2010).........................................................................................................4

*Blake v. City of New York*,
    No. 05-cv-6652 (BSJ), 2007 U.S. Dist. LEXIS 95913 (S.D.N.Y. July 13, 2007) ....................1

*Boca Investerings Partnership v. United States*,
    197 F.R.D. 18 (D.D.C. 2000) ....................................................................................................7

*Consorti v. Armstrong*,
    72 F.3d 1003 (2d Cir. 1995)...................................................................................................4, 5

*DC v. Valley Centr. Sch. Dist.*,
    No. 09-cv-9036 (WWE), 2011 U.S. Dist. LEXIS 90260 (S.D.N.Y. June 29, 2011) ................7

*Dollman v. Mast Indus.*,
    No. 08-cv-10184 (WHP), 2011 U.S. Dist. LEXIS 99802 (S.D.N.Y. Sept. 6, 2011) .................4

*Fincher v. Cnty. of Westchester*,
    979 F. Supp. 989 (S.D.N.Y. 1997) ............................................................................................8

*Glasgow v. Mich. City Police Dep't*,
    No. 3:03-cv-676 (RM), 2005 U.S. Dist. LEXIS 6025 (N.D. Ind. Apr. 8, 2005) ....................10

*Gonzalez v. Bratton*,
    147 F. Supp. 2d 180 (S.D.N.Y. 2001) .......................................................................................9

*Hardy v. New York City Health & Hosps. Corp.*,
    164 F.3d 789 (2d Cir. 1999).......................................................................................................7

*Ismail v. Cohen*,
    706 F. Supp. 243 (S.D.N.Y. 1989), *rev'd in part*, 899 F.2d 183 (2d Cir. 1990) ......................8

*Jean-Laurent v. Hennessy*,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...................................................................................2, 4

*Kerman v. City of New York*,
  No. 96 Civ. 785 (LMM), 1999 U.S. Dist. LEXIS 10870 (S.D.N.Y. July 17, 1999) .................8

*Kroin v. City of New York*,
  210 A.D.2d 95 (N.Y. App. Div. 1994) .......................................................................................8

*Lassiegne v. Taco Bell Corp.*,
  202 F. Supp. 2d 512 (E.D. La. 2002)..........................................................................................5

*Levitant v. City of New York Human Res. Admin.*,
  No. 05-cv-230 (KAM) (MDG), 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. Feb. 28,
  2011) ..........................................................................................................................................5

*Lewis v. Velez*,
  149 F.R.D. 474 (S.D.N.Y. 1993) ................................................................................................3

*Mileski v. Long Island R.R. Co.*,
  499 F.2d 1169 (2d Cir. 1974)......................................................................................................4

*Morris v. N.Y. State Dep't of Corr. Servs.*,
  No. 04-cv-17, 2010 U.S. Dist. LEXIS 27262 (W.D.N.Y. Mar. 23, 2010) .................................5

*Old Chief v. United States*,
  519 U.S. 172 (1997)....................................................................................................................6

*Smith v. City of New York*,
  No. 04-cv-3286 (TPG), 2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010) ..................8

*Stevens v. New York*,
  No. 10-cv-2172, 2012 U.S. Dist. LEXIS 165936 (S.D.N.Y. Nov. 14, 2012).........................7, 9

*Surles v. Air France*,
  No. 00 Civ. 5004 (RMB) (FM), 2004 U.S. Dist. LEXIS 3710 (S.D.N.Y. Feb. 23,
  2004) ........................................................................................................................................10

*Tannenbaum v. City of New York*,
  819 N.Y.S.2d 4 (N.Y. App. Div. 2006) .....................................................................................8

*United States v. Belk*,
  No. 01 CR 180 (LTS), 2002 U.S. Dist. LEXIS 3427 (S.D.N.Y. Mar. 4, 2002) ........................4

*United States v. Birney*,
  686 F.2d 102 (2d Cir. 1982)........................................................................................................6

*United States v. Desposito*,
  704 F.3d 221 (2d Cir. 2013)........................................................................................................3

-iv-

*United States v. Horsford*,
    422 Fed. Appx. 29 (2d Cir. 2011) .............................................................................. 3

*United States v. Laster*,
    No. 06-cr-1064, 2007 U.S. Dist. LEXIS 74113 (S.D.N.Y. Sept. 28, 2007) .............. 3

*United States v. Lawes*,
    292 F.3d 123 (2d Cir. 2002) ...................................................................................... 3

*United States v. Nelson*,
    No. 10-cr-414 (PKC), 2011 U.S. Dist. LEXIS 60873 (S.D.N.Y. June 2, 2011) ... 3, 4

*United States v. Stone*,
    No. 05-cr-401 (ILG), 2007 U.S. Dist. LEXIS 92093 (E.D.N.Y. Dec. 14, 2007) ...... 3

*Ventura v. Sullivan*,
    No. 01-cv-434S, 2009 U.S. Dist. LEXIS 4137 (W.D.N.Y. Jan. 21, 2009) ............... 5

*Waldorf v. Shuta*,
    896 F.2d 723 (3d Cir. 1990) ...................................................................................... 4

**STATUTES AND RULES**

Fed. R. Evid. 608 .................................................................................................... 2, 3

Fed. R. Evid. 403. ................................................................................................ 3, 4, 6

Fed. R. Civ. P. 30 ........................................................................................................ 10

Fed. R. Civ. P. 32 .................................................................................................. 7, 10

Defendants respectfully submit this reply in further support of their motion *in limine* filed on April 8, 2013. Of Defendants' twelve *in limine* requests, Plaintiff does not object to three requests, partially concedes six requests, and opposes three of them in full. For the reasons that follow, the Court should grant all of Defendants' requests.

## ARGUMENT

**I.  To Avoid Undue Prejudice, the City Should be Removed from the Case Caption and Plaintiff Should be Precluded From Referring to the City as a Defendant**

Because Plaintiff concedes that Officers Longa and Martinez are no longer parties to this case, they should be removed from the case caption. (Plaintiff's Memo. in Opp. ("Pl. Opp."), at 1) Moreover, Defendants will stipulate that the Defendant Officers were acting within the scope of their employment on August 6, 2010, and thus, any mention of the City as a defendant is unnecessary, prejudicial, and would confuse the issues.[1] In *Blake v. City of New York*, the court stated:

> Defendants have agreed to stipulate that the Officer-Defendants were acting within the scope of their employment when the events at issue took place. Accordingly, should the individual Officer-Defendants be found liable, no further determination need be made by the jury to establish Plaintiffs' respondeat superior claim against the City. Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury.

No. 05-cv-6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, at *5-6 (S.D.N.Y. July 13, 2007). Given the risk of prejudice and juror confusion, the City should be removed from the caption and Plaintiff should be precluded from referring to the City as a defendant.

**II.  Defense Counsel Should Not be Referred to as "City Attorneys"**

Defendants requested that Plaintiff be precluded from: (1) suggesting that Pepper Hamilton's representation of Defendants has any bearing on the merits of Plaintiff's claims; and

---

[1] Defendants propose this stipulation subject to the granting of Defendants' first *in limine* request.

(2) referring to the fact that Defendants are being represented on a pro bono basis. (Def. Mot. at 4) Plaintiff did not oppose these requests, and they should therefore be granted. Moreover, to reduce juror confusion and the risk of prejudice to Defendants, Plaintiff should be precluded from referring to counsel for Defendants as "City attorneys." Attorneys from Pepper Hamilton represent all Defendants in this case, including the City. Courts have recognized that referring to counsel as "City attorneys" can have prejudicial effects. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (noting that jurors could "view[] [the City] as a 'deep pocket' for the purposes of any potential judgment"). Moreover, Plaintiff's suggestion to refer to counsel "as the attorney for the City when he or she is representing the City" raises numerous problems and is unworkable. (Pl. Opp. at 3) To ensure that jurors are not confused, and to ensure clarity for all parties, defense counsel should be referred to as such or as 'attorneys for Defendants.'

**III.   The Unopposed Request to Preclude Indemnification Evidence Should be Granted**

Plaintiff does not oppose Defendants' request to preclude any evidence that the City may indemnify the Defendants Officers. The request should therefore be granted.

**IV.   Plaintiff Should be Precluded from Cross-Examining the Officers Regarding Their Unsubstantiated Disciplinary Histories, Personnel Files, and Prior Lawsuits**

Plaintiff agrees not to seek to admit into evidence any police officers' disciplinary histories, personnel files, and prior lawsuits. (Pl. Opp. at 4) Instead, Plaintiff now contends that she has a right to use such evidence, even though it is largely unsubstantiated, for impeachment purposes under Rule 608(b) during cross-examination.[2] (Pl. Opp. at 4-5)

Plaintiff's argument fails for two reasons. First, Rule 608(b) permits "specific instances of the conduct of a witness" to "be inquired into on cross-examination" only if they are

---

[2] In this case, the only substantiated allegations are those made against Keith Hockaday for forging a parking permit.

2

"probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b).[3] When a witness's disciplinary record does not reflect acts of untruthfulness, courts refuse to permit any inquiry into the witness's disciplinary history for impeachment purposes. *See, e.g.*, *United States v. Horsford*, 422 Fed. Appx. 29, 30 (2d Cir. 2011) (finding CCRB report which "indicates that the underlying conduct involved no dishonesty" was not probative of officer's truthfulness).[4]

Here, in addition to failing to identify what records she intends to use, Plaintiff fails to point to prior allegations against the Officers that are probative of their untruthfulness. A review of the Officers complaint and disciplinary records produced during discovery reveals allegations largely related to unnecessary force or improper arrests. Such allegations do not reflect dishonesty. *See United States v. Stone*, No. 05-cr-401 (ILG), 2007 U.S. Dist. LEXIS 92093, at *2 (E.D.N.Y. Dec. 14, 2007) (assault allegations do not bear on credibility); *United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002) (excessive use of force).

Second, under Rule 403, the prejudicial impact of the officers' disciplinary histories, personnel files, and prior lawsuits significantly outweighs any probative value. *See United States v. Desposito*, 704 F.3d 221, 233 (2d Cir. 2013) ("Even if the specific instance is probative of the witness's veracity, the court still must balance that probative value against the risk of unfair prejudice to the defendant, pursuant to Rule 403.") (citing Fed. R. Evid. 608 advisory committee's note). Courts often exclude *unsubstantiated* complaints under Rule 403 due to their prejudicial nature, waste of time, and risk of confusion. *See, e.g.*, *Berkovich v.*

---

[3] To the extent Plaintiff intends to use the disciplinary histories or prior lawsuits as extrinsic evidence of the officers' character for truthfulness, such use is expressly prohibited by the Rule. *See* Fed. R. Evid. 608(b).

[4] *See also United States v. Nelson*, No. 10-cr-414 (PKC), 2011 U.S. Dist. LEXIS 60873, at *3 (S.D.N.Y. June 2, 2011) ("[C]ross examination of [officer] regarding the CCRB substantiated complaint was not proper under Rule 608(b). . . because the allegations in the CCRB complaint do not bear on Officer's character for truthfulness"); *United States v. Laster*, No. 06-cr-1064, 2007 U.S. Dist. LEXIS 74113, at *6-7 (S.D.N.Y. Sept. 28, 2007) ("[A]llegations contained in the CCRB complaint, though substantiated, do not bear on [the officer]'s character for truthfulness" and therefore, "there is no basis . . . to cross-examine [the officer] regarding the CCRB complaint"); *Lewis v. Velez*, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) ("While impeachment is indeed a proper purpose for the introduction of prior acts, none of the acts chronicled in [officer]'s disciplinary record reflect dishonesty or deceit.").

*Hicks*, 922 F.2d 1018, 1022-23 (2d Cir. 1991); *United States v. Belk,* No. 01 CR 180 (LTS), 2002 U.S. Dist. LEXIS 3427, at *11-12 (S.D.N.Y. Mar. 4, 2002) ("To provide the jury with information sufficient to weigh fairly the significance of the charge would delay the trial needlessly and distract the attention of the jury from the issues" central to the case).[5]

For example, in *Jean-Laurent v. Hennessy*, which Plaintiff relies on, the court held that because the complaints were unsubstantiated, "the probative-prejudice balancing test weighs heavily in favor of excluding the evidence." 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011) ("[E]ven if the evidence were admissible . . . the court would deem the evidence inadmissible under Rule 403 because the prior allegations have not been substantiated.").[6] Similarly, here, all allegations against the Officers have been found to be unsubstantiated, except for those against Officer Hockaday, which Plaintiff has not claimed is probative of Officer Hockaday's character for truthfulness. Thus, because all other allegations are unsubstantiated and not probative of credibility, the Court should preclude any reference to them.

### V. Plaintiff Should be Precluded from Suggesting a Specific Dollar Amount to the Jury

Though the Second Circuit has not followed other circuits in adopting a *per se* rule prohibiting counsel from suggesting a specific sum of damages,[7] it has recognized the practice's inherit danger. *See Consorti v. Armstrong*, 72 F.3d 1003, 1016 (2d Cir. 1995) ("[W]e wish to emphasize that specifying target amounts for the jury to award is disfavored."); *Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to

---

[5] *See also Nelson*, 2011 U.S. Dist. LEXIS 60873, at *17 ("[G]iven the informal and non-adversarial nature of the CCRB investigative process, any probative value of the CCRB complaint was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time under Rule 403, Fed. R. Evid.").

[6] *See also Dollman v. Mast Indus.*, No. 08-cv-10184 (WHP), 2011 U.S. Dist. LEXIS 99802, at *11 (S.D.N.Y. Sept. 6, 2011) (excluding evidence of investigation under Rule 403 where "no evidence of misconduct was found").

[7] *See Bielunas v. Misty Dawn*, 621 F.3d 72, 79 (1st Cir. 2010); *Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990).

the figures advanced by Plaintiff's counsel."). Here, the risk of unduly swaying the jury is particularly acute because Plaintiff seeks recovery for nebulous harms like "extreme emotional distress, depression, and post-traumatic stress disorder" that are not easily calculable. (Pretrial Order at 3) Indeed, as Plaintiff can present no mathematic or scientific backing to justify specific dollar amounts, the Court should exercise its discretion and preclude Plaintiff from suggesting a specific amount to the jury. *See Consorti*, 72 F.3d at 1016 ("A jury is likely to infer that counsel's choice of a particular number is backed by some authority.").

### VI. Plaintiff Should be Precluded from Offering Causation Testimony

As an initial matter, Defendants' unopposed request to preclude Plaintiff from testifying as to any medical or psychological diagnoses that she received should be granted. Moreover, contrary to Plaintiff's claim, Plaintiff is not competent to testify about the cause of her alleged injury, as such testimony must come from an expert. (Pl. Opp. at 6) Plaintiff makes no effort to rebut the case law in this Circuit limiting causation testimony to experts. *See Levitant v. City of New York Human Res. Admin.*, 05-cv-230 (KAM), 2011 U.S. Dist. LEXIS 20742, at *12-13 (E.D.N.Y. Feb. 28, 2011) (instructing a jury that "plaintiff's testimony cannot be used to establish the cause of his injuries").[8] In particular, cases involving injuries such as post-traumatic stress disorder require causation testimony from an expert not a layman. *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002) ("It is not disputed that the causes of . . . PTSD are not matters within the common knowledge of a layperson."). Here, Plaintiff does not possess any medical or psychological training that would qualify her to self-assess the cause of her own alleged psychological maladies. *See Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir.

---

[8] *See also Morris v. N.Y. State Dep't of Corr. Servs.*, No. 04-cv-17, 2010 U.S. Dist. LEXIS 27262, at *4 (W.D.N.Y. Mar. 23, 2010) (holding that a plaintiff "cannot testify as to the fact that any medical conditions he claims he now suffers were 'caused' by the acts of the defendants"); *Ventura v. Sullivan*, No. 01-cv-434S, 2009 U.S. Dist. LEXIS 4137, at *2-4 (W.D.N.Y. Jan. 21, 2009) (precluding Plaintiff from testifying as to medical causation of his injuries).

5

1999). As such, Plaintiff should be precluded from offering causation testimony.

**VII. The Court Should Preclude Plaintiff and Her Counsel from Using Inflammatory Language to Describe the Defendant Officers' Conduct**

The description of the Defendant Officers' conduct in the Notice of Claim as "optical rape" is precisely the type of inflammatory language that Rule 403 is meant to prohibit. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (quoting Rule 403 advisory committee's notes); *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982) ("Put another way, courts should be sensitive to any unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.") (quotation and internal citation omitted). Plaintiff does not allege that she was raped, assaulted, or impermissibly touched in any way by the Officers. Yet, permitting Plaintiff to testify that the Defendant Officers somehow sexually assaulted her with their eyes might encourage jurors to decide her claim based on an improper emotional basis, not as a result of evidence showing an unreasonable detention. Moreover, though Plaintiff insists that "she should be allowed to testify before the jury using her own words," (Pl. Opp. at 7), it is noteworthy that she has never testified using the phrase "optical rape." Instead, this phrase has been manufactured by her attorney to elicit an emotional response from the jury. As the probative value of testimony such as "optical rape" or any similar inflammatory term is far outweighed by its unfair prejudice, Plaintiff should be precluded from using it or similar terms at trial.

**VIII. Defendants' Unopposed Request to Preclude Plaintiff from Questioning the Validity of the Search Warrant Should be Granted**

Plaintiff agrees to Defendants' request that she be precluded from questioning the validity of the search warrant. Defendants' request should therefore be granted.

**IX. Because Gabriel Perez is Available to Testify in Person, the Court Should Preclude**

6

**Plaintiff from Offering Mr. Perez's Deposition Testimony**

Plaintiff insists that Gabriel Perez, who is incarcerated by the City of New York, is unavailable to testify under Rule32(a)(4) because Plaintiff "has no control over the witness, or ability to transport and produce him at trial." (Pl. Opp at 9)  However, where a witness is incarcerated by a party in the action, the witness is not unavailable under Rule 32(a)(4)(C) because the party "that has the witness in its custody, has the ability to transport and produce the witness . . . ." *Boca Investerings Partnership v. United States*, 197 F.R.D. 18, 19 (D.D.C. 2000). Here, the City of New York, whom Plaintiff alleges remains a party to this case, has control over Mr. Perez and has the ability to transport and produce him at trial.  As Mr. Perez is not "unavailable" under Rule 32(a)(4)(C), Plaintiff should be excluded from offering Mr. Perez's deposition testimony in lieu of his live testimony at trial.

**X.     Plaintiff's Deficient Notice of Claim Mandates Dismissal of Her State Law Claim**

Plaintiff does not dispute that: (1) she bears the burden of demonstrating compliance with the notice of claim requirements;[9] (2) because "notice of claim requirements are construed strictly," the "failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action;"[10] and (3) her notice of claim fails to identify *any* police officers.  Accordingly, as Plaintiff failed to meet her burden by identifying the Defendant Officers in her notice of claim, her state law claim of IIED must be dismissed. *See DC v. Valley Centr. Sch. Dist.*, No. 09-cv-9036 (WWE), 2011 U.S. Dist. LEXIS 90260, at *7 (S.D.N.Y. June 29, 2011) ("Because defendants . . . were not named as respondents in the notice of claim, plaintiffs cannot assert state law claims against them"); *Smith v. City of New York*, No. 04-cv-3286 (TPG), 2010 U.S. Dist. LEXIS 88774, at *38 (S.D.N.Y. Aug. 27, 2010) (same);

---

[9] *See Stevens v. New York*, No. 10-cv-2172, 2012 U.S. Dist. LEXIS 165936, at *12 (S.D.N.Y. Nov. 14, 2012).

[10] *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).

*Tannenbaum v. City of New York*, 819 N.Y.S.2d 4, 5 (N.Y. App. Div. 2006) ("§ 50-e makes unauthorized an action against individuals who have not been named in a notice of claim.").

Plaintiff attempts to rescue her state law claim by arguing that the City has waived its right to challenge the notice of claim requirements. Plaintiff relies chiefly on *Ismail v. Cohen*, 706 F. Supp. 243 (S.D.N.Y. 1989), which is both factually distinguishable and no longer followed.[11] *See Kerman v. City of New York*, No. 96 Civ. 785 (LMM), 1999 U.S. Dist. LEXIS 10870, at *34 n.12 (S.D.N.Y. July 17, 1999) ("The more liberal application of § 50e adopted in *Ismail* . . . has not been followed by the majority of cases that have addressed the issue."); *Fincher v. Cnty. of Westchester*, 979 F. Supp. 989, 1003 (S.D.N.Y. 1997) (noting "substantial majority of cases" departing from *Ismail*'s "liberal application of § 50-e").

In *Ismail*, the plaintiff alleged in his complaint that his "notice of claim . . . complied with the statutory requirements of the General Municipal Law of the State of New York." 706 F. Supp. at 249. The defendants did not deny the notice of claim allegations in their answer, thereby admitting "the specific allegations in the complaint asserting that plaintiff's notice of claim" was sufficient. *Id*. Thus, the *Ismail* court rejected defendants' later attempt to challenge the notice of claim not because – as Plaintiff suggests – the notice argument was raised too late, but instead because the argument was raised *after* the defendants had already "admitted the sufficiency of plaintiff's notice of claim." *Id*. at 249. In contrast to *Ismail*, here, Defendants denied all allegations in the Amended Complaint relating to the sufficiency of the notice of claim, except to admit that "a document purporting to be a Notice of Claim for Shadeesha Brown was received . . . on or about August 18, 2010." (Dkt No. 19, Answer at ¶ 31)

---

[11] Plaintiff cites, but does not discuss, two other cases to support her waiver argument, even though these cases found there was, in fact, *no waiver*. *See Adams v. New York City Transit Auth.*, 528 N.Y.S.2d 638, 638 (N.Y. App. Div. 1988) (finding "the complaint was properly dismissed" for failure to satisfy notice of claim requirements); *Kroin v. City of New York*, 210 A.D.2d 95, 96 (N.Y. App. Div. 1994) (dismissing claim, rejecting waiver argument).

8

This case is also distinguishable from *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 193 (S.D.N.Y. 2001), which is the only other case Plaintiff cites that found a waiver. In that case, unlike here, the City Defendants never actually argued that the notice was deficient:

> The City Defendants alluded to a defense of inadequate notice at a conference regarding the jury instructions. The Court then stated that further information would be required to address the issue. City Defendants, however, did not again raise the issue or respond to the Court's request for more discussion of the nature of the notices themselves. . . . the Court considers the City Defendants to have waived the opportunity to argue it.

*Id*. Here, Defendants denied Plaintiff's allegations with respect to her notice of claim in the Answer to the Amended Complaint. (Docket No. 19, Answer to Am. Compl., at ¶¶ 31-33) Defendants also raised with this Court the deficiencies in the notice of claim at the last scheduling conference held on February 25, 2013. Thus, Defendants have not waived this issue.

As Plaintiff has failed to point to any authority suggesting a waiver, both the interest of justice and the principles of judicial efficiency counsel in favor of precluding Plaintiff from introducing any evidence with respect to her IIED claim against Defendant Officers who were never identified in her notice of claim. *See Stevens*, 2012 U.S. Dist. LEXIS 165936, at *12 (citing the "interests of justice and . . . judicial efficiency" in dismissing state law claims *after* summary judgment stage because notice of claim failed to specifically identify officers).

## XI.  The Court Should Preclude the Admission of Duplicative Deposition Testimony

Plaintiff does not dispute that this Court has the discretion to exclude the introduction of deposition testimony when such testimony does not add any information to the oral testimony given by the party on the stand. Instead, Plaintiff maintains her desire to unnecessarily prolong the trial by introducing repetitive deposition testimony of Defendants Murphy, Albano, Flood, and Hart. Each Officer is designated to testify in person, and Plaintiff is free to cross-examine them, and where appropriate, use their depositions for impeachment.

9

Moreover, Plaintiff's request to introduce the deposition testimony of Thomas Longa, a non-party in this case, should be denied. (Pl. Opp. at 16) Rule 32 permits a party to use the deposition testimony of "anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). Plaintiff contends that Mr. Longa "continues to be an employee of defendant The City of New York." (Pl. Opp. at 16) However, the mere fact that Mr. Longa was an employee is not sufficient to qualify as an "officer, director, [or] managing agent" for purposes of Rule 32. *See Glasgow v. Mich. City Police Dep't*, No. 3:03-cv-676 (RM), 2005 U.S. Dist. LEXIS 6025, at *6 (N.D. Ind. Apr. 8, 2005) (precluding use of police officers' depositions because showing was not made that officers possessed sufficient authority to qualify as "managing agents" or "officers"); *see also Surles v. Air France*, No. 00 Civ. 5004 (RMB) (FM), 2004 U.S. Dist. LEXIS 3710, at *9 (S.D.N.Y. Feb. 23, 2004) (finding employee who was "merely an underling" was "unquestionably not a managing agent"). As Plaintiff failed to meet her burden of proving Mr. Longa's deposition testimony admissible under Rule 32, the Court should preclude its admission.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motions *in limine* in their entirety, together with such other relief as the Court deems just.

Dated: April 29, 2013
      New York, New York

Respectfully submitted

 /s/ Martin S. Bloor
Lawrence Byrne
Martin S. Bloor
Linda Regis-Hallinan
Pepper Hamilton LLP
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700 (Tel)
212.808.2738 (Fax)
*Attorneys for Defendants*

10