UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SHADEESHA BROWN and GABRIEL PEREZ,      :
                                        :
                        Plaintiffs,     :
                                        :
        - against -                     :
                                        :        11CV1068(AJN)
THE CITY OF NEW YORK, BRIAN McALEAR,    :
KEITH HOCKADAY, FREDERICO MARTINEZ,     :
JOAQUIN MORALES, ROBERT DOWNES,         :
THOMAS ALBANO, GERARD FLOOD, WILLIAM    :
HART, TIMOTHY MURPHY, KENYETTA ROUSE,   :
and THOMAS LONGA,                       :
                                        :
                        Defendants      :

------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION *IN LIMINE*

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiffs

Eugene M. Bellin

485 Madison Avenue - Suite 1300
New York, New York 10022
Tel. (212) 588-0880
Fax  (212) 588-0811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................................ii

PRELIMINARY STATEMENT.....................................................................................................1

ARGUMENT..................................................................................................................................2

Point I.     Evidence of Drugs Found in the Apartment Should be Excluded
            Because There Is No Correlation Between the Type and Amount
            of Drugs Found and the Length of Time the Defendants Required
            the Plaintiff to Remain  Naked.......................................................................... 2

Point II    The Defendants Should Not Be Permitted to Profit From Their
            Misdirection By Calling Witnesses They Did Not Identify as
            Individuals With Knowledge................................................................................5

CONCLUSION...............................................................................................................................8

## TABLE OF AUTHORITIES                                                  **Page**

### Cases

*Fiacco v. Rensselaer*, 783 F.2d 319 (2d Cir. 1985)........................................................................3

*Haas v. Delaware and Hudson Railway Co.*, 282 Fed.Appx. 84 (2d Cir. 2008)............................7

*In re Agent Orange Product Liability Litigation*, 611 F.Supp. 1223 (E.D.N.Y. 1985)..................4

*Los Angeles County, California v. Rettele*, 550 U.S. 609 (2007)............................................2, 2-3

*Marvel Worldwide, Inc. v. Kirby*, 777 F.Supp.2d 720 (S.D.N.Y. 2011).......................................7

*Meller v. Heil Co.*, 745 F.2d 1297 (10th Cir. 1984).......................................................................4

*Michigan v. Summers,* 452 U.S. 692 (1981)...................................................................................2

*Potenza v. City of New York, Department of Transportation*, 2009 WL 2156917,
2009 U.S. Dist. LEXIS 60877 (E.D.N.Y. July 15, 2009)...............................................................4

*Sealy v. Gruntal & Co.*, 1998 WL 698257, 1998 U.S. Dist. LEXIS 15654 (S.D.N.Y.1998)..........7

*Youngbey v. District of Columbia*, 766 F.Supp.2d 197 (Dist. of Columbia 2011),
rev'd on other grounds, 676 F.3d 1114 (Dist. Of Columbia Cir. 2012).........................................3

### Statutes and Rules

Fed. R. Evid. 401.............................................................................................................................3

Fed. R. Evid. 402.............................................................................................................................3

F.R.C.P. 37(c)(1)..............................................................................................................................3

Plaintiff Shadeesha Brown submits this reply memorandum in further support of her motion *in limine* (1) to exclude testimony of drugs found in the apartment where she was detained in the nude for an extended period of time, and (2) to exclude the testimony of Angel Irrizary and Police Officer Zarilla at the trial of this action.

## PRELIMINARY STATEMENT

The defendants in this action have indicated their intention to introduce evidence of large quantities of drugs found during their search of the apartment in which plaintiff Shadeesha Brown, a mere overnight guest, was detained in the nude.  Their justification for the admission of this evidence is that the quantity of drugs found in the apartment justifies the length of time for which Ms. Brown was detained in the apartment.  But the issue in this case is not how long it was necessary to detain Ms. Brown to conduct a search of the apartment, but how long it was reasonable to require the plaintiff to remain naked while the police officers secured the apartment and its occupants.  The length of the search itself is irrelevant to this issue.

The defendants also have expressed their intention to call as witnesses two individuals whose names were not identified as persons with discoverable information which the defendants might use to support their claims or defenses.  They argue that, because the names were disclosed in an exchanged document, that the plaintiff was apprised of their existence.  But their argument asks the Court to overlook the fact that these names were not among the numerous individuals whose names the defendants specifically disclosed as persons with "discoverable information" which they might use to support their claims or defenses.  The defendants should not be permitted to call the two particular individuals because plaintiff's counsel was lulled into believing that the defendants would not be calling these witnesses at trial.

1

# ARGUMENT

**I.    Evidence of Drugs Found in the Apartment Should Be Excluded Because There Is No Correlation Between the Type and Amount of Drugs Found and the Length of Time the Defendants Required the Plaintiff to Remain Naked.**

The defendants argue that they should be permitted to introduce evidence of large quantities of drugs and a single live round of ammunition as evidence that the detention of the plaintiff was to achieve "a valid law enforcement purpose." The shortcoming of this argument is that the gravamen of the plaintiff's claim is the manner in which she was detained – not the reason for which she was detained. She complains that she was required to remain nude and forbidden to dress for most of the time that the search was being conducted **after the apartment and the occupants had been secured.** Police officers executing a search warrant are permitted to detain the occupants. (*Michigan v. Summers,* 452 U.S. 692, 701 (1981).) It is thus irrelevant whether the police officers found a large quantity of contraband or no contraband at all – or whether the search took 5 minutes, 40 minutes or 3 hours while different police officers took turns entering the room for the sole purpose of gawking at Ms. Brown as she stood naked. Ms. Brown's claim is not that she was detained while the police officers searched the apartment, but that she was required to remain naked and was forbidden to dress for 40 minutes. The defendants contend that proof of the contraband found in the apartment is relevant to whether their conduct was reasonable to achieve a "valid law enforcement purpose". This phrase is misleading because it begs the question as to what the valid law enforcement purpose is. Police officers executing a search warrant may take reasonable steps to secure the premises and to ensure their own safety. *Michigan v. Summers*, *supra*, at 98-100; *Los Angeles County, California v. Rettele*, 550 U.S. 609, 614 (2007). Having discovered the plaintiff in the nude, the police officers could require her to remain in that condition only as long as necessary to protect their safety – not as long as necessary to search the apartment. *Los Angeles County,*

*California v. Rettele, supra.* Requiring the plaintiff to remain naked, at the point of a firearm, long after the premises had been fully secured cannot be justified by the results of the search. See *Youngbey v. District of Columbia*, 766 F.Supp.2d 197. 213 (Dist. of Columbia 2011), rev'd on other grounds, 676 F.3d 1114 (Dist. Of Columbia Cir. 2012) In this context, the Court should note that the defendants claim that the apartment and its occupants were secured within no more that five to ten minutes of the Emergency Service Unit's entry into the apartment. (Deposition of Kenyetta Rouse, Bellin Decl. of April 29, 2011, Exh. 10 at 76:22 - 77:9; Deposition of Joaquin Morales, *Id.*, Exh. 11, at 55:3-23.) The court should also note that the defendants fail to explain how the quantity of contraband found explains the length of time it took to search the apartment. It is the size of the apartment and amount and intricacy of the furniture that would account for the length of the search – not the amount of contraband found. Thus, evidence of the discovery of contraband in the apartment should be excluded because that evidence makes it neither more nor less likely that the plaintiff was required to remain naked for 40 minutes while the search was being conducted (Fed.R.Evid. 401(a)), and because the presence of these items in the apartment is not a fact of consequence in determining the action (Fed.R.Evid. 401(b)).

In short, the defendants have failed to demonstrate how the discovery of drugs and one live round of ammunition in the apartment is relevant to the plaintiff's claim that she was required to remain naked for a longer period of time than was necessary to secure the apartment and its occupants. Irrelevant evidence is not admissible. (Fed.R.Evid. 402.)

None of the decisions cited by the defendants supports their claim that evidence of the discovery of a substantial quantity of drugs and one live round of ammunition should be admitted at the trial of this action. In *Fiacco v. Rensselaer*, 783 F.2d 319 (2d Cir. 1985), the Second Circuit Court of Appeals held that the admission of evidence of prior complaints of police brutality during

3

the trial of a *Monell* claim under 42 U.S.C. §1983 was relevant to the issue of whether the municipality had an indifference to the use of excessive force by its police officers, and its admission was well within the discretion of the trial court. (783 F.2d 319 at 327-328.)

In *In re Agent Orange Product Liability Litigation*, 611 F.Supp. 1223, 1255 (E.D.N.Y. 1985), the District Court excluded expert testimony which the court concluded was of low probative value. Interestingly, that court cited *Meller v. Heil Co.*, 745 F.2d 1297 (10th Cir. 1984), in which the 10th Circuit Court of Appeals held that, in the case of a plaintiff who was crushed in an accident, it was not error to exclude evidence that the police discovered two hashish pipes containing marijuana residue in the plaintiff's rucksack at the scene of the accident.

In *Potenza v. City of New York, Department of Transportation*, 2009 WL 2156917, 2009 U.S. Dist. LEXIS 60877 (E.D.N.Y. July 15, 2009), the District Court ruled that the *use* of prescription pain medication by the plaintiff in an employment discrimination and retaliation case was relevant to the issue of whether that medication contributed to his sick leave and claimed psychological injuries which he attributed to the employer's conduct.

Here, by contrast, the evidence of the discovery of drugs has no probative value with respect to the plaintiff's claim that she was required to remain naked for a period long after the apartment *had been secured*.

Clearly, evidence of the large quantity of drugs found in the apartment and the implication the defendants will ask the jury to draw – that the plaintiff was somehow connected to those drugs – is both irrelevant and highly prejudicial and should be excluded.

4

**II.    The Defendants Should Not Be Permitted to Profit from Their Misdirection By Calling Witnesses They Did Not Identify As Individuals With Knowledge**.

The defendants assert that they should be permitted to call Angel Irrizary and Police Officer Zarilla[1] as witnesses at trial despite the defendants' failure to identify them as individuals with knowledge of the facts.  The defendants identified twelve individuals, other than the plaintiffs,  as persons "likely to have discoverable information that the disclosing party may use to support its claims or defenses, ..."  in their Initial Disclosures Pursuant to F.R.C.P. 26(a)(1) (Bellin Decl. of April 15, 2013, Exh. 1) their First Supplemental Disclosures Pursuant to Fed. R.Civ. P. 26(e) (Bellin Decl. of April 15, 2013, Exh. 2), and their Second Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e) (Bellin Decl. of April 15, 2013, Exh. 4).   In their responses to the plaintiff's interrogatories and document demands seeking the identities of all individuals who participated in the execution of the search warrant involved in this case, the defendants referred the plaintiff to their Initial Disclosures and First Supplemental Disclosures.  The plaintiff conducted a deposition of each of the twelve individuals identified by the defendants as "persons with discoverable information".  (See the title pages of the twelve depositions at Bellin Decl. of April 29, 2013, Exhs 12 through 23.) The plaintiff was entitled to rely on the defendants' representation that the twelve individuals they identified were the only individuals with relevant information.

Furthermore, neither the inclusion of the names Irrizary and Zarilla on one of the documents produced by the defendants nor questioning about them at the depositions of other individuals alerted the plaintiff to the fact that they were potential witnesses in this case.  Far to the contrary, Irrizary was identified as an officer assigned to watch the apartment windows from outside the apartment and Zarilla was identified as an officer assigned to a hospital car.  When asked about Officer Irrizary's

---

[1]  Neither Officer Zarilla's first name nor his shield number has ever been disclosed.

role in the search, defendant Joaquin Morales testified (Deposition of Joaquin Morales of April 25, 2012, Bloor Decl., Exh. C at 26:16 - 27:10) that Irrizary was assigned to watch apartment windows from outside the building.   When asked about the duties of an officer assigned to a hospital car, defendant Brian McAlear testified (Deposition of Brian McAlear, Bloor Decl., Exh. D at 27:22 - 28:5)

> Q.  What did you do when you arrived at the location in the building where the search warrant was executed?
> A.  The duties of the hospital car are to stay outside.
> Q.  Are you saying you remained in this hospital car?
> A.  Yes.

Similarly, when asked about the role of the officer, Det. Corey Jones testified (Deposition of Corey Jones, Bloor Decl., Exh. C at 77:4 - 15):

> Q.  What is Officer Zarilla's first name?
> A.  I don't know offhand.
> Q.  And what is the function of somebody assigned to - - what is that hospital care?
> A.  Hospital car.  That is just in case someone, one of the personnel, someone is hurt.  They will lead the caravan to the hospital.
> Q.  If nobody is hurt, will that officer who is assigned to the hospital car participate in the search of the apartment?
> A.  As of practice, they don't.  They are usually just downstairs.

Plaintiff's counsel was therefore justified in believing that Officer Zarilla, also assigned to a hospital car, faithfully performed his duties and remained in the hospital car.   There was no reason for plaintiff's counsel to believe, on the basis of the information provided, that either Irrizary or Zarilla was present in the apartment in which plaintiff Shadeesha Brown was detained – especially since the defendants did not describe them as individuals with discoverable information.

Thus, the plaintiff was lulled into believing that neither Officer Irrizary nor Officer Zarilla had any information relevant to whether and how long she was required to remain naked during the conduct of a search inside the apartment.   The plaintiff most definitely would have conducted

6

depositions of these police officers had the defendants apprised counsel that these were individuals "likely to have discoverable information."

The Court should note that the Search Warrant Plan Pre-Execution (Bloor Decl., Exh. A) lists two other individuals who never entered the apartment: Captain Hernandez and Sgt. Arroyo. It is ludicrous to suggest that the plaintiff should have conducted depositions of four additional officers simply because their names were on a document provided by defense counsel when the available evidence was that these individuals never entered the apartment where events took place. Under these circumstances, the plaintiff was justified in relying on the representation that the only individuals with relevant knowledge were those identified as such by defense counsel.

Neither decision cited by the defendants is applicable to the facts in this case. In *Marvel Worldwide, Inc. v. Kirby*, 777 F.Supp.2d 720 (S.D.N.Y. 2011), it appears that the party became aware of the nature of the witnesses' involvement as well as their identities. Here, by contrast, the only nature of the witnesses' involvement disclosed to the plaintiff indicated that the witnesses were not involved in relevant events. In *Sealy v. Gruntal & Co.*, 1998 WL 698257, 1998 U.S. Dist. LEXIS 15654 (S.D.N.Y.1998), an employment discrimination case, the witnesses were fellow employees of the plaintiff who were known to her and had been witnesses to her interaction with supervisors. By contrast, the failure to amend a prior response to an interrogatory to provide the name of a witness has been held to justify precluding consideration of the witness' testimony. *Haas v. Delaware and Hudson Railway Co.*, 282 Fed.Appx. 84, 85-87 (2d Cir. 2008).

The Court should note that the defendants have offered no explanation for their failure to identify Irrizary and Zarilla as individuals with discoverable information. (See F.R.C.P. 37(c)(1).)

Consequently, the testimony of these witnesses should be excluded from evidence at the trial of this action.

## CONCLUSION

For the foregoing reasons, the portions of the plaintiff's motion *in limine* to exclude evidence of drugs found in the residence where the events which are the subject of this action took place and to exclude the testimony of Angel Irrizary and Police Officer Zarilla should be granted in all respects.

Dated: New York, New York
      April 29, 2013

<div style="margin-left:50%">

Respectfully submitted,

Michelstein & Associates, PLLC
Attorneys for Plaintiffs


By:    s/Eugene M. Bellin    
     Eugene M. Bellin (EB0722)

</div>

8