# MICHELSTEIN & ASSOCIATES PLLC

Attorneys At Law
485 Madison Avenue, Suite 1300
New York, New York 10022

Tel No. (212) 588-0880
Fax No. (212) 588-0811

BY E-MAIL

May 24, 2013

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          Re: Shedeesha Brown vs. The City of New York et anos.
              Docket No. 11CV1068(AJN)

Your Honor:

      I represent plaintiff Shadeesha Brown in the captioned matter. I submit this letter (1) in further support of the portion of the plaintiff's motion *in limine* which seeks to exclude all evidence of drugs found in the apartment where the events which are the subject of this action occurred, and (2) to request that the defendants be precluded from eliciting from witness Gabriel Perez either that he is under indictment for the crime of murder or that he currently resides in a detention facility awaiting trial on that charge.

### I. Exclusion of Evidence of Drugs Found in the Apartment

      The factual issue to be determined in the trial of this action is whether Ms. Brown was required to remain naked for approximately 40 minutes while the defendants executed a search warrant in the apartment where she had spent the night. Ms. Brown was not charged with possession of any of the drugs or the live round found in the apartment and the defendants do not contend that any of the drugs or the live round belonged to her. Nevertheless, they seek to shock the jury by evidence of the discovery of these drugs in the apartment.

      The defendants informed the Court at the pre-trial conference held on May 23, 2013, that their defense to the plaintiff's claims is that Ms. Brown was required to remain naked for only two or three minutes while the apartment and its occupants were secured. But, they argue, if she was required to remain naked for 40 minutes, they should be permitted to introduce evidence of the large quantities of drugs found in the apartment on the theory that they were justified in requiring Ms. Brown to remain naked the entire time it took to conduct the search of the apartment. If the Court accepts the defendants' argument, the police officers would be justified in requiring an occupant of the apartment to remain naked the entire time it takes to conduct a search of the premises – whether 40 minutes or two hours or five hours. This argument asks the Court to disregard the clear holding of the Supreme Court of the United States in *Los Angeles County, California v. Rettele*, 550 U.S. 609, 614 (2007), that police officers executing a search warrant can require an occupant of the premises to remain naked only for the time required "* * * to secure the room and ensure that other persons were not close by or did not present a danger" (550 U.S. 609, 614) – not the length of time it takes to search the apartment. Noting that one of the plaintiffs in that case had been prevented from

dressing for no more than two minutes and the other plaintiff only slightly longer, the Supreme Court observed (550 U.S. 609, 615):

> This is not to say, of course, that the deputies were free to force Rettele and Sadler to remain motionless and standing for any longer than necessary. We have recognized that "special circumstances, or possibly a prolonged detention," might render a search unreasonable. [Citation omitted.] There is no accusation that the detention here was prolonged. * * * And there is no allegation that the deputies prevented Sadler and Rettele from dressing *longer than necessary to protect their safety*. [Emphasis supplied.]

The Supreme Court thus made it clear that preventing a naked occupant of the premises from dressing was permissible only as long as necessary for the officers to secure the premises – not for the length of time required to conduct the search. Significantly, the defendants claim that the search team – defendants Morales and Hockaday and Detective Corey Jones – did not enter the apartment to conduct the search until the premises and its occupants had been secured. Consequently, it was not necessary to require Ms. Brown to remain naked to conduct the search, and the amount of time it took to conduct the search or to recover the drugs found in the apartment is irrelevant to the issue to be tried.

Simply put, the defendants could require Ms. Brown naked only as long as it took to *secure* the apartment – not the length of time it took to search the apartment. Consequently, the length of time it took to find the contraband and the nature of the contraband is totally irrelevant to the length of time Ms. Brown was not permitted to dress.

Furthermore, the nature and quantity of the drugs found in the apartment is not indicative of the length of time required to conduct the search. The size of the apartment and the amount and type of furnishings is more indicative of the length of time required to conduct the search. The drugs may have been found in the first drawer opened. The police officers nevertheless would have continued the search until they had explored every corner of every drawer and closet. It was simply not necessary to keep Ms. Brown naked the entire time it took to search the apartment. Significantly, Gabriel Perez, who was wearing only underwear when the police officers entered the room, was permitted to dress before the search team entered the apartment.

But, even if relevant, evidence of the drugs found in the apartment should be excluded pursuant to Federal Rule of Evidence 403 because the prejudicial nature of the evidence outweighs its probative value. The defendants' true purpose in seeking to introduce evidence of the substantial amount of drugs found in the apartment is to taint the plaintiff, an overnight guest who had never met the tenant of the apartment before that night, with connection to those drugs. The potential prejudice to the plaintiff far outweighs any possible probative value of the discovery of drugs in the apartment.

## II. Evidence of Gabriel Perez' Current Residence

The defendants should not be permitted to elicit Gabriel Perez' indictment for murder or incarceration on Riker's Island if Mr. Perez testifies during the trial of this matter. Mr. Perez is presently detained in the custody of the New York City Department of Correction pending trial on a criminal charge of murder. However, Mr. Perez has not been convicted of that crime. Federal Rule of Evidence 609 permits impeachment of a witness only by evidence of conviction of a crime – not by evidence of indictment for or accusation of a crime. (*National Labor Relations Board v. Jacob E. Decker and Sons*, 569 F.2d 357 [5th Cir.

1978]; *United States v. Turquitt*, 557 F.2d 464, 471 [5th Cir. 1977].) To require the witness to disclose that he is currently incarcerated *awaiting trial* for a crime is the same as eliciting that he has been accused – but not convicted – of a crime. The Court should note that the defendants have announced their intention to establish that the plaintiff was aware of Mr. Perez' felony record at the time of the incident. (The plaintiff does not contest the defendant's right to cross-examine Mr. Perez about his felony conviction.) Ms. Brown's relationship with Mr. Perez – her boyfriend on August 6, 2010 – ended a short time after this incident. Mr. Perez' current legal problems have nothing to do with Ms. Brown and the defendants should not be permitted to attribute an allegation against Mr. Perez to the plaintiff. Consequently, the defendants should not be permitted to elicit either that Gabriel Perez has been accused of the crime of murder or that he is currently residing in a detention facility awaiting trial on that charge.

For the reasons stated, the plaintiff respectfully requests that the defendants be precluded (1) from offering evidence of the drugs and single live round found in the apartment, and (2) from eliciting from witness Gabriel Perez both his indictment on a charge of murder and his current residence in a detention facility awaiting trial on that charge.

Respectfully yours,

*Eugene M. Bellin*

Eugene M. Bellin

EMB:b
cc: Martin Bloor, Esq. (by E-mail)
    Linda Regis-Hallinan, Esq. (by E-mail)
    Chris Howard, Esq. (by E-mail)
    Lawrence Byrne, Esq. (by E-mail)
    Steven Silverberg, Esq. (by E-mail)