# Pepper Hamilton LLP
#### Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Martin S. Bloor
direct dial:   212.808.2733
direct fax:   212.868.9806
bloorm@pepperlaw.com

May 24, 2013

**VIA E-MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Brown, et al. v. City of New York, et al., No. 11-CV-1068

Dear Judge Nathan:

As requested by Your Honor during the final pretrial conference held yesterday, May 23, 2013, Defendants submit supplemental briefing addressing Your Honor's ruling to admit evidence of drugs found at the apartment and the testimony of Gabriel Perez. First, Your Honor's preliminary ruling to admit evidence of drugs found during the search is supported by case law and the facts of the case. To alleviate any prejudicial impact of the evidence, however, Defendants have proposed a limiting instruction. Second, as discussed in Section II, if Plaintiff calls Mr. Perez to testify, Defendants are permitted to cross-examine Mr. Perez regarding his prior criminal conviction.

I.   **Evidence of drugs recovered during the execution of the search warrant and during the period plaintiff alleges she was unreasonably detained is relevant and not unfairly prejudicial.**

To be clear, Defendants intend to demonstrate at trial that Plaintiff was not detained in the nude for 40 minutes as she alleges, but was found in the nude and only briefly detained while the Emergency Services Officers secured the premises. Nevertheless, because Plaintiff's only claim is that her nude detention lasted for 40 minutes and that such detention was unreasonable, Plaintiff directly puts at issue the reasonable of Plaintiff's alleged detention. Therefore, the jury should be allowed to hear evidence concerning the contraband located in the apartment during the 40 minute period in which Plaintiff contends she was unreasonably detained.

    A.   **Defendants are entitled to offer evidence to rebut Plaintiff's claim that she was unreasonably detained in the nude.**

It is well-settled that a party is entitled to introduce evidence to rebut the opposing party's theory of the case. *See, e.g., In re Air Disaster at Lockerbie Scot.*, 37 F.3d 804, 846 (2d

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

Cir. 1994) (Van Graafeiland, J., dissenting) ("It is a rule as old as the proverbial hills that when a party opens a subject in its case in chief, its opponent is entitled to offer evidence on the same subject, i.e., to explain, repel, counteract or disprove the evidence that the party introduced.") (citing 1 WIGMORE ON EVIDENCE § 15 at 740). Here, Plaintiff alleges that her unreasonable detention in the nude lasted for 40 minutes; in so doing, Plaintiff has made the events that occurred during that 40 minute period directly relevant to determine whether her detention was reasonable. Thus, Defendants should be permitted to submit such evidence to rebut Plaintiff's theory of the case.

The Court should not require Defendants to submit evidence to tie the drugs to the reasonableness of the detention because do so would require Defendants to adopt Plaintiff's theory of the case before the jury. However, the jury should be free to consider that evidence on its own because, as discussed in section B, to the extent that the jury believes that Plaintiff was detained in the nude for an extended period, evidence of the contraband recovered is relevant to determine if the detention was justified.

B. Evidence of contraband recovered during the search is relevant to show the Defendants' justification for detention.

As this Court recognized in its Order, dated February 8, 2013, to determine whether a detention is reasonable under the Fourth Amendment necessarily requires a consideration of the officers' justification for the detention. (Docket No. 52, at 11). Accordingly, evidence that relates to the Defendants' justification for detaining Plaintiff in the nude – as she alleges – is relevant under Plaintiff's theory. *See Michigan v. Summers*, 452 U.S. 692, 702 (1981) (noting that "the law enforcement interest" is relevant in "assessing the justification for the detention").

The Supreme Court in *Summers* identified three law enforcement interests served by a detention: (1) preventing flight if incriminating evidence is found; (2) minimizing risk of harm to officers; and (3) facilitating orderly completion of the search. *Id.* at 702. "The circumstances surround the detention must be viewed 'through the eyes of a reasonable and cautious police office on the scene guided by his experience and training.'" *Diaz v. City of New York*, No. 00-CV-2944 (JMA), 2006 U.S. Dist. LEXIS 93923, at *16-17 (E.D.N.Y. Dec. 29, 2006) (quoting *United States v. Barlin*, 686 F.2d 81, 87 (2d Cir. 1982)). Here, the jury could find that the discovery of drugs in the apartment during the search was a fact that justified Plaintiff's detention in the nude for the time period she alleges. At minimum, because Plaintiff is alleging a prolonged detention in the nude – a theory Defendants submit will be unsupported by the evidence – the jury should be allowed to hear that the officers searching the apartment were finding ammunition and large quantities of drugs during the period of the alleged detention. As such, the discovery of the contraband is therefore relevant.

Pepper Hamilton LLP
Attorneys at Law

**Pepper Hamilton LLP**
Attorneys at Law

C. <u>Defendants' proposed limiting instruction will remove any prejudicial influence of the evidence</u>

To alleviate any prejudicial impact that the admission of the evidence may have, Defendants propose that the following limiting instruction be given to the jury: You have heard testimony and seen evidence concerning drugs and ammunition found in apartment 5B at 1368 Webster Avenue. It was ultimately determined that those drugs and ammunition did not belong to the Plaintiff and she was not arrested for possession of the drugs or ammunition.

II. **If Gabriel Perez testifies, Defendants can inquire about his prior convictions.**

Should Gabriel Perez testify, Defendants intend to use Mr. Perez's prior felony conviction for robbery to attack his character for truthfulness. Such testimony is permitted under Rule 609(a)(1)(A). *See* Fed. R. Evid. 609(a)(1)(A) (convictions "punishable by death or by imprisonment for more than one year . . . must be admitted subject to Rule 403 in a civil case or in a criminal case in which the witness is not a defendant"). Moreover, Plaintiff can hardly claim that such testimony would be unfairly prejudicial under Rule 403. In the pretrial order, Plaintiff had designated Mr. Perez's deposition testimony that revealed the prior robbery arrest and conviction. In sum, Plaintiff cannot object to testimony that she already asked to put before the jury.

Respectfully submitted,

*[signature]*

Martin S. Bloor

cc: Eugene Bellin, Esq. (by E-mail)
Steven D. Michelstein, Esq. (by E-mail)
Arthur Blitz, Esq. (by E-mail)