

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700
Fax 212.286.9806

Martin S. Bloor
direct dial:  212.808.2733
direct fax:  212.868.9806
bloorm@pepperlaw.com

May 28, 2013


**VIA E-MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:     <u>Brown v. McAlear, et al., No. 11-CV-1068 (AJN)</u>

Dear Judge Nathan:

       As you know, we represent Defendants in the above captioned matter.  During the course of the cross examination of Plaintiff this afternoon, Plaintiff testified as follows:

> Q.  Now, the first officer that came in the room, he pulled the
>
>     sheet off of you.  Correct?
>
> A.  Yes.
>
> Q.  And it was that officer, was it not, that you claimed stood
>
>     with you for the entire 40 minutes?
>
> A.  Yes.
>
> Q.  And it was that officer, correct, that you say handcuffed
>
>     you after 25 minutes?  Isn't that right?

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

**Pepper Hamilton LLP**
———————————Attorneys at Law

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
May 28, 2013
Page 2


       A.  No, it was a different officer that handcuffed me.

(Tr. 32:1 – 32:9)

       Defendants' counsel sought to read Plaintiff her prior inconsistent statement in her testimony given during the course of her January 5, 2012 deposition in this matter.  We directed the Court to page 36, lines 2 through 11 of that transcript.  (Tr. 33:2 – 33:3).  Upon review of the transcript this evening, it is clear that we should have asked the Court to read through line 16.  That testimony reads as follows:

       Q.  How many times did you ask him to put on your clothing?

       A.  Maybe a dozen.

       Q.  And what was his response?

       A.  After maybe around the tenth time I asked, he just got kind of upset that I kept asking, and he handcuffed me behind my back.

       Q.  At what point did he handcuff you?  How long were you standing?

       A.  Maybe like 25 minutes?

       Q.  And who was in the room at that time?

       A.  No one.

       Q.  Just you and the one individual who initially woke you up?

       A.  Yes.

(1/5/12 Tr. 36:2 – 36:16).

       We submit that the January 5, 2012 deposition testimony is clear that Plaintiff testified that the officer that woke her up by pulling the sheet off of her when he entered the



The Honorable Alison J. Nathan
United States District Court
Southern District of New York
May 28, 2013
Page 3


apartment, was the same officer that handcuffed her twenty-five minutes later.  This testimony is inconsistent with Plaintiff's denial of that fact during cross examination this afternoon.  We ask that we be permitted to read Plaintiff's prior inconsistent statement to her when we resume cross examination tomorrow.

        Thank you for your attention to this matter.

                Respectfully submitted,

                Martin S. Bloor


cc:     Eugene Bellin, Esq. (via e-mail)

#18719634 v1