UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHADEESHA BROWN,

                Plaintiffs,

    - against -
                                                11CV1068(AJN)

THE CITY OF NEW YORK, BRIAN McALEAR,
KEITH HOCKADAY, JOAQUIN MORALES,
ROBERT DOWNES, THOMAS ALBANO,
GERARD FLOOD, WILLIAM HART, TIMOTHY
MURPHY, and KENYETTA ROUSE,

                Defendants
------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
THE PLAINTIFF'S MOTION TO REVIEW
THE JUDGMENT CLERK'S AWARD OF
COSTS TO THE DEFENDANTS AND TO
STRIKE THE TAXATION OF COSTS FOR
DAILY TRANSCRIPTS

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiff

Eugene M. Bellin

485 Madison Avenue - Suite 1300
New York, New York 10022
Tel. (212) 588-0880
Fax (212) 588-0811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT...........................................................................................1

STATEMENT OF FACTS....................................................................................................1

ARGUMENT.........................................................................................................................2

Point.     **The Defendants Are Not Entitled to Costs for Daily Transcripts of
          the Trial Because The Transcripts Were Not Necessarily Obtained**......................2

CONCLUSION......................................................................................................................4

## TABLE OF AUTHORITIES Page

### Cases

*Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126 (E.D.N.Y.2006)............................2,3

*Carmody v. Pronav Ship Management, Inc.*, 2004 WL 1837786 (S.D.N.Y. 2004)..........................2

*John and Katheryn G. V. Board of Education of Mount Vernon Public Schools*,
891 F.Supp. 122 (S.D.N.Y. 1995)..................................................................................................2

*Karmel v. City of New York*, 00CV9063, 2008 WL 216929 (S.D.N.Y. 2008)..................................2

*Malloy v. City of New York*, 98CV5823, 2000 WL 863464 (E.D.N.Y. 2000)...............................2, 3

*Walther v. Maricopa Int'l Investment Corp.*, 1999 WL 816176 (S.D.N.Y. 1999).........................2,3

*Williams v. Cablevision Sys. Corp.*, 2000 WL 620215 (S.D.N.Y. 2000).......................................2, 3

### Statutes and Rules

Local Rule 54.1(c)(1).......................................................................................................................1

## PRELIMINARY STATEMENT

The trial of this action took place on May 28, May 29 and May 30, 2013, resulting in a verdict for the defendants. The Clerk of the Court has docketed a judgment assessing costs against the plaintiff for, *inter alia*, costs incurred by the defendants for daily copy transcripts of the trial. Plaintiff Shadeesha Brown submits this memorandum of law in support of her motion to review the Bill of Costs issued by the Judgment Clerk assessing costs in favor of the defendants and striking those costs incurred by the defendants for daily copy transcripts of the trial.

## STATEMENT OF FACTS

The trial of this case began with the selection of a jury on May 28, 2013 and proceeded with testimony on May 28, May 29 and the morning of May 30, 2013. (Bellin Declaration, paragraph 3.) During the trial, the defendants had four attorneys present in the courtroom. (Bellin Declaration, paragraph 4.) In addition, at least on some occasions a paralegal also was present in the courtroom.

Following the docketing of a judgment, the defendants submitted an application for a Bill of Costs to the Orders and Judgments Clerk. (Bellin Declaration, Exhibit 2.) The application included invoices from the court stenographer (Bellin Declaration, Exhibit 2, at Exhibits F, G and H to the Declaration of Linda Regis-Hallinan) detailing prices for both "Original" and "Real Time Unedited Trans". The invoices do not indicate whether the transcripts were limited to witness testimony or all proceedings. The defendants represented that the transcripts were necessary for use at trial for preparing for cross-examination of the plaintiff, direct examination of the defendants, and closing arguments. (Bellin Declaration, Exhibit 2, at Paragraphs 15, 16 and 17 of the Declaration of Linda Regis-Hallinan.)

The defendants' application requested the sum of $5,274.56 for the trial transcripts, which represented the total costs for both the daily transcripts and the real-time computer transcripts. The

1

Judgment Clerk allowed the sum of $3,725.16 (Bellin Declaration, Exhibit 1), which was the total of the amounts charged for "Original" in the stenographer's invoices for the three days of trial.

## ARGUMENT

**Point:** **The Defendants Are Not Entitled to Costs for Daily Transcripts of the Trial Because The Transcripts Were Not Necessarily Obtained.**

Local Rule 54.1(c)(1), which governs taxing costs for transcripts, provides:

(1) *Transcripts* The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. * * *

The courts in this District have consistently rejected requests for costs for daily trial transcripts, repeatedly holding – especially in short trials such as the one in this case – that the transcripts were merely for the convenience of counsel, even when used for cross-examination of witnesses and summation. *Karmel v. City of New York*, 00CV9063, 2008 WL 216929 (S.D.N.Y. 2008); *Carmody v. Pronav Ship Management, Inc.*, 02CV7158, 2004 WL 1837786 (S.D.N.Y. 2004); *Williams v. Cablevision Sys. Corp.*, 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. 2000). *Walther v. Maricopa Int'l Investment Corp.*, 97 CV4816, 1999 WL 816176 (S.D.N.Y. 1999); *John and Katheryn G. V. Board of Education of Mount Vernon Public Schools*, 891 F.Supp. 122 (S.D.N.Y. 1995). Courts in the Eastern District of New York are in accord. *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y.2006); *Malloy v. City of New York*, 98CV5823, 2000 WL 863464 (E.D. 2000).

Use of a trial transcript during the trial does not mean that the transcript was necessarily obtained. *Bucalo v. E. Hampton Union Free Sch. Dist.*, *supra*; *Williams v. Cablevision Sys. Corp.*, *supra*; *Walther v. Maricopa Int'l Investment Corp.*, *supra*. For example, reading extensively from the transcript during summation – something not done in this trial – does not render the transcripts

2

"necessarily obtained". In *Walther v. Maricopa Int'l Investment Corp., supra,* the court held that reading extensively from the trial transcript during summation in a three day trial, while convenient, " * * * cannot be characterized as "necessary" within the meaning of Local Rule 54.1(c)(1). [Citation omitted.]  * * *" (1999 WL 816176 at 1.)

Similarly, use of trial transcripts to prepare for cross examination and summation do not render the transcripts necessarily obtained. In *Bucalo v. E. Hampton Union Free Sch. Dist., supra,* the court held (238 F.R.D. 126 at p. 129):

> "[T]he relevant inquiry is whether the transcripts of plaintiff's trial testimony were necessary for defendant's use in the case." [Citation omitted.] Although the Defendant argues that counsel used the transcript to prepare for cross examination, summation and the jury charge, "[u]se of the transcripts during trial ... does not mean they were 'necessarily obtained.' " [Citations omitted.] In the Court's view, in this case, counsel's use of the trial transcript during summation and cross-examination is not sufficient to justify taxing the costs of the transcript. [Citation omitted.] *In fact, it is not necessary for counsel to rely on a trial transcript when counsel can take notes during trial in order to prepare for cross examination and summation. [Citations omitted.] The mere convenience of possessing the trial transcript is insufficient to justify taxation of costs.* [Citations omitted.] [Emphasis supplied.]

In *Williams v. Cablevision Sys. Corp., supra,* the court held (2000 WL 620215, at *2 ) that use of trial transcripts to prepare for cross examination, summation and jury charge in a three day trial did not render the transcripts "necessarily obtained".

And, in *Malloy v. City of New York, supra,* where the trial took two and a half days, the court held (2000 WL 863464 at 1):

> * * * Under 28 U.S.C. § 1920, the prevailing party may obtain the costs of the trial transcript "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also* Loc. Civ. R. 54.1(c)(1). The daily transcript ordered here, however, was a "convenience rather than a necessity." [Citation omitted.] The trial was neither long nor complicated. Moreover, three defense counsel, who were more than capable of taking notes of the testimony, were present during the entire trial. [Citations omitted.]

Similarly in this case, where the trial was short and the four defense counsel and one paralegal

3

present during the trial were more than capable of taking notes of the testimony, the daily transcript was a convenience – not a necessity as required by Local Rule 54.1(c)(1).

The foregoing authorities make it clear that the defendants are not entitled to have the expense of trial transcripts taxed as costs.

## CONCLUSION

The costs for trial transcripts should be stricken from the Bill of Costs in this matter because the transcripts were not a necessity for use during the trial of this action

Dated: New York, New York
August 14, 2013

Respectfully submitted,

Michelstein & Associates, PLLC
Attorneys for Plaintiff

By: s/ Eugene M. Bellin
Eugene M. Bellin (EB0722)
