UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHADEESHA BROWN,

      Plaintiffs,

  - against -

               11CV1068(AJN)

THE CITY OF NEW YORK, BRIAN McALEAR,
KEITH HOCKADAY, JOAQUIN MORALES,
ROBERT DOWNES, THOMAS ALBANO,
GERARD FLOOD, WILLIAM HART, TIMOTHY
MURPHY, and KENYETTA ROUSE,

      Defendants
------------------------------------------------------------------x

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO REVIEW THE JUDGMENT CLERK'S AWARD OF COSTS TO THE DEFENDANTS AND TO STRIKE THE TAXATION OF COSTS FOR DAILY TRANSCRIPTS

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiff

Eugene M. Bellin

485 Madison Avenue - Suite 1300
New York, New York 10022
Tel. (212) 588-0880
Fax (212) 588-0811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

ARGUMENT..........................................................................................................................1

| | | |
|---|---|---|
| Point I: | **The Court Should Exercise Its Discretion to Consider Plaintiff's Application Because of Counsel's Mistaken Belief That the Court Would Render A Decision On the Defendants' Application for Costs**..............1 | |
| Point II: | **The Court Should Strike the Award of Costs for Daily Transcripts Because The Transcripts Were Not Necessarily Obtained**................3 | |
| Point III: | **The Decisions Cited By The Defendants Are Inapplicable To This Case, In Which The Entire Trial, From Jury Selection Through Jury Verdict, Lasted Only Three Days**.................................................5 | |

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES            Page

### Cases

*Bartels v. Incorporated Village of Lloyd Harbor*, No. 08 Civ. 1256, 2012 WL 181633 (E.D.N.Y. 2012) ...........5

*Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126 (E.D.N.Y. 2006)...........4

*Burchette v. Abercrombie & Fitch Stores, Inc.*, 2010 WL 3720834 (S.D.N.Y. 2010)...........2

*Choi v. City of New York*, No. 10 Civ 6617, 2013 WL 1387021 (S.D.N.Y. 2013)...........5

*Cohen v. Stephen Wise Free Synagogue*, No. 95 Civ 1659, 1999 WL 672903 (S.D.N.Y. 1999).....5

*Cosgrove v. Sears, Roebuck & Company*, 191 F.3d 98, 101 (2d Cir. 1999)...........1

*Eldaghar v. City of New York Department of Citywide Administrative Services*, 2010 WL 1780950 (S.D.N.Y. 2010)...........1

*Harris v. Brown*, No. 08 Civ 1703, 2013 WL 632247 (E.D.N.Y.)...........5

*John and Katheryn G. V. Board of Education of Mount Vernon Public Schools*, 891 F.Supp. 122 (S.D.N.Y. 1995)...........3-4

*Malloy v. City of New York*, No. 98 Civ 5823, 2000 WL 863464 (E.D.N.Y. 2000)...........4

*Morales v. Adami*, No. 94 Civ 4865 and 94 CV 8773, 1998 WL 352595 (S.D.N.Y. 1998)...........4

*Morisseau v. DLA Piper*, 255 F.R.D. 127, 129 (S.D.N.Y. 2008)...........2

*Perks v. Town of Huntington*, No. 99 Civ 4811, 2008 WL 8091034 (E.D.N.Y. 2008), aff'd. 331 F. App'x 769 (2d Cir. 2009)...........5

*Weisbart v. United States Department of Taxation*, No. 97 Civ 6020 (CPS), 2001 WL 1782873 (E.D.N.Y. 2001)...........2

*Williams v. Cablevision Sys. Corp.*, 2000 WL 620215 (S.D.N.Y. 2000)...........4

### Statutes and Rules

F.R.C.P. 6(b)(1)...........1

F.R.C.P. 54(d)(1)...........1

Local Rule 54.1(b)...........2

Local Rule 54.1(c)(1)...........1

## PRELIMINARY STATEMENT

Plaintiff Shadeesha Brown seeks review of the taxation of costs by the Clerk of the Court and striking of $3,725.16 in costs allowed for daily transcripts of the trial. Counsel for the plaintiff delayed in filing this motion because he was informed by a clerk in the office of the Orders & Judgments Clerk that the application would be submitted to the assigned judge for decision and was waiting for a written decision from the Court. (Reply Declaration of Eugene M. Bellin.)

In opposition to the present motion, the defendants have illustrated use only of the transcript of the plaintiff's testimony. They have not asserted the use of the transcript of the testimony of any other witness during the trial. Significantly, the defendants have not provided information about how much of the cost of the transcripts was attributable to the testimony of the plaintiff. In addition, the documentation submitted by the defendants in opposition to this motion include transcripts of arguments of counsel before the court made on two different dates during the trial. (Declaration of Linda Regis-Hallinan, Exhibits A and B.) It is thus clear that the daily transcripts purchased by the defendants were transcripts of all proceedings in the trial – not just the testimony of witnesses.

## ARGUMENT

**Point I:** **The Court Should Exercise Its Discretion to Consider Plaintiff's Application Because of Counsel's Mistaken Belief That the Court Would Render A Decision On the Defendants' Application for Costs.**

The defendants argue that the plaintiff's motion to review the taxation of costs and to strike the award of costs for daily trial transcripts should be denied because the motion was not filed within the seven day period for filing such a motion under F.R.C.P. Rule 54(d)(1).

It is well settled that the court has wide discretion to excuse the untimely filing of the motion. F.R.C.P. Rule 6(b)(1); *Cosgrove v. Sears, Roebuck & Company*, 191 F.3d 98, 101 (2d Cir. 1999); *Eldaghar v. City of New York Department of Citywide Administrative Services*, 2010 WL 1780950

at *2 (S.D.N.Y. 2010); *Burchette v. Abercrombie & Fitch Stores, Inc.*, 2010 WL 3720834 at *3 and *4 (S.D.N.Y. 2010). Here, counsel delayed filing the instant motion because he was misled to believe that the Court would be rendering a written decision determining the amount taxable as costs and expected that a such a decision would be filed. (Reply Declaration of Eugene M. Bellin.) This is exactly the type of excusable neglect which justifies the exercise of discretion to extend the time period under Rule 6(b)(1). The plaintiff, an unemployed single mother with no resources, should not be penalized for this error– especially in light of the fact that the defendants have not demonstrated any prejudice resulting from the short delay and have fully briefed the issue presented by this motion. The Court should note that the plaintiff timely filed opposition to the defendants' application for costs (Declaration of Eugene M. Bellin dated August 14, 2013, Exhibit 3), in compliance with Local Rule 54.1(b), raising the same objections contained in the instant motion.

The cases cited by the defendants do not require denial of this motion to review the taxation of costs. In *Weisbart v. United States Department of Taxation*, No. 97 Civ 6020, 2001 WL 1782873 (E.D.N.Y. 2001), cited by the defendants, the court declined to review the award of costs because the defendants had failed to file any objections to the requested costs with the Clerk, as required by Local Rule 54.1(b). In *Morisseau v. DLA Piper*, 255 F.R.D. 127, 129 (S.D.N.Y. 2008), the plaintiff delayed eight months before seeking review of the taxation of costs. Furthermore, as indicated below, the equities in this case heavily weigh in favor of striking the taxation of costs for daily transcripts.

**Point II:** **The Court Should Strike the Award of Costs for Daily Transcripts Because The Transcripts Were Not Necessarily Obtained.**

The defendants claim that the trial transcripts were "necessarily obtained" to prepare for the plaintiff's cross-examination and summation because of the issue of plaintiff's credibility, and to resolve evidentiary issues concerning the plaintiff's testimony. But the costs for daily transcripts submitted by the defendants were not costs attributable solely for daily transcripts of the testimony of the plaintiff.

The defendants' application to the Clerk for taxation of costs requested the full amounts of invoices from the court reporters as the costs for "daily transcripts" without disclosing to the Clerk that a significant amount of those invoices was for real time transcripts not permitted by Local Rule 54.1(c)(1). The defendants' submissions in opposition to this motion reveal that the daily transcripts for which they obtained costs were transcripts of all proceedings in the trial – not simply transcripts of the testimony of witnesses. Exhibits A and B to the Declaration of Linda Regis-Hallinan are transcripts of arguments of counsel before the Court on two separate dates during the course of the trial. It is thus clear that the defendants purchased daily transcripts of all proceedings in the trial – not just transcripts of the testimony of witnesses. It is fair to conclude, at this point, that the costs reflected in the invoices submitted by the defendants to the Clerk included transcripts of all proceedings during the trial, including jury selection, court rulings on motions, opening statements by counsel, closing arguments by counsel and the court's instructions to the jury – none of which would be necessary or even relevant to the preparation of cross examination of the plaintiff, the preparation of the defendants' witnesses, or summation.

Daily transcripts are taxable only if *necessarily obtained*. (Local Rule 54.1(c)(1). Use of transcripts during the trial does not mean that they were necessarily obtained. *John and Katheryn*

3

*G. V. Board of Education of Mount Vernon Public Schools*, 891 F.Supp. 122, 123 (S.D.N.Y. 1995). Daily transcripts used to prepare for cross examination and summation in a three day trial – especially where the prevailing party was represented in the courtroom by two or more attorneys – are not "necessarily obtained." *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y.2006); *Williams v. Cablevision Sys. Corp.*, No. 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. 2000).

The defendants argue that the transcripts were necessarily obtained because the court asked defense counsel to review small portions of the plaintiff's testimony on two occasions and asked the plaintiff to review it during argument of the defendants' Rule 50 motion. However, the reality is that, without the transcripts, the court could have had the testimony read back by the court reporter. Consequently, use of the transcript on those occasions was a mere convenience and did not render the transcripts "necessarily obtained". *Malloy v. City of New York*, No. 98 Civ 5823, 2000 WL 863464 at *1 (E.D. 2000); *Morales v. Adami*, No. 94 Civ 4865 and 94 Civ 8773, 1998 WL 352595 at *2 (S.D.N.Y. 1998) In *Malloy*, the court denied costs for the trial transcript even though the court had referred to the transcript when making a ruling, noting that, in the absence of the transcript, the court could have availed itself of a read-back of testimony by the court reporter. Similarly, in *Morales*, the court denied costs for trial transcripts even though the court utilized the transcripts in deciding a Rule 50 motion, noting that the availability of the transcripts was merely a convenience because " * * * in its absence particular portions of the testimony could have readily been read back by the court reporter or simply described by counsel without reference to the 'precise language of the witnesses.' [Citation omitted.]" (1998 WL 352595 at *2.)

These authorities leave no question that the purchase of daily trial transcripts by the defendants was a convenience to counsel – not necessarily obtained – and not taxable as costs.

4

**POINT III:** **The Decisions Cited By The Defendants Are Inapplicable To This Case, In Which The Entire Trial, From Jury Selection Through Jury Verdict, Lasted Only Three Days.**

In support of their claim that the transcripts of the entire three day trial were "necessarily obtained", the defendants cite several decisions which are not analogous to this case because they involved lengthy trials and complex issues, and lengthy testimony by the plaintiff.

In *Bartels v. Incorporated Village of Lloyd Harbor*, No. 08 Civ. 1256 (AKT), 2012 WL 181633 (E.D.N.Y. 2012), where a complex trial involving seven separate incidents lasted three weeks, the defendants sought costs for only five days of *testimony*, and only one attorney had been present for the defendants during those five days, the court allowed costs only for the transcript of the plaintiff's trial *testimony*.

In *Harris v. Brown*, No. 08 Civ 1703 (MKB), 2013 WL 632247 (E.D.N.Y.), the trial lasted seven days and the court allowed only the trial transcripts for two days of the plaintiff's *direct* testimony. (2012 WL 181633 at *2.)

In *Perks v. Town of Huntington*, No. 99 Civ 4811, 2008 WL 8091034 (E.D.N.Y. 2008), aff'd. 331 F. App'x 769 (2d Cir.2009), the court found the existence of extraordinary circumstances in a four week long trial in which the manner of plaintiff's counsel's presentation of the direct case rendered the case confusing and muddled.

In *Cohen v. Stephen Wise Free Synagogue*, No. 95 Civ 1659, 1999 WL 672903 (S.D.N.Y. 1999) the trial of an age discrimination case took nearly three weeks and the plaintiff testified for three days. In *Choi v. City of New York,* No. 10 Civ 6617, 2013 WL 1387021 (S.D.N.Y. 2013), the trial took six days, the court awarded the defendants only partial costs for the daily transcripts, and awarded partial costs for those transcripts " * * * because Plaintiff and the Court both made significant use of copies of the daily trial transcripts purchased by Defendants, particularly when

5

addressing requests from the jury for read backs * * *." (2013 WL 1387021 at *3.)

Significantly, the defendants have failed to cite a single case in which a court has allowed costs for daily transcripts where the trial lasted only three days and the party seeking costs had two or more attorneys present at all times during the trial.

## CONCLUSION

The costs for trial transcripts should be stricken from the Bill of Costs in this matter because the transcripts were not a necessity for use during the trial of this action

Dated: New York, New York
August 23, 2013

> Respectfully submitted,
>
> Michelstein & Associates, PLLC
> Attorneys for Plaintiff
>
> By:  s/ Eugene M. Bellin
>      Eugene M. Bellin (EB0722)